ODELL WEAVIL, ADMINISTRATOR OF DENNIS FREEMONT WEAVIL, DECEASED, v. CLYDE W. MYERS AND C. W. MYERS TRADING POST, INC.

(Filed 13 January, 1956.)

**1. Pleadings § 19c—**

If the complaint, in any portion of it, or to any extent, presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, it will survive a demurrer based on the ground that it does not allege a cause of action, since a complaint cannot be overthrown by a demurrer unless it is totally lacking in sufficiency.

**2. Pleadings § 15—**

Upon demurrer a complaint will be liberally construed with a view to substantial justice between the parties, and its allegations of fact will be taken as true with every reasonable intendment in favor of the pleader, but a demurrer does not admit conclusions or inferences of law.

**3. Automobiles §§ 24, 35—Allegations held sufficient to state cause of action for failure of warning device at end of lumber protruding from truck.**

Allegations to the effect that the lumber loaded upon a truck extended more than four feet beyond the rear of the body of the truck, that defendant failed to display a red flag, reflector or light at the end of the lumber, plainly visible under normal atmospheric conditions at least 200 feet from the rear of the truck, in violation of G.S. 20-117, *held* sufficient to state a cause of action for negligence in this respect in an action for wrongful death resulting when intestate ran into the rear of the protruding lumber at nighttime, since the violation of the statute was negligence and, upon the facts alleged, consequences of an injurious nature might have been expected as a result thereof.

**4. Evidence § 5—**

The courts will take judicial notice of the fact that about 7:00 p.m. on 26 November, 1954, in North Carolina, was within the time between one-half hour after sunset and one-half hour before sunrise.

**5. Negligence § 11—**

Contributory negligence need not be the sole proximate cause of the injury in order to bar recovery, but suffices for this purpose if it contributes to the injury as a proximate cause, or one of them.

**6. Automobiles § 42d—**

Whether a motorist is guilty of contributory negligence as a matter of law in colliding with a vehicle standing on the traveled portion of a highway must be determined largely upon the facts of each particular case in accordance with the standard of care and prevision of a reasonably prudent man under like circumstances.

**7. Automobiles § 7: Negligence § 9½—**

It is a well settled principle of law that a person is not bound to anticipate negligent acts or omissions on the part of others; but, in the absence of anything which gives, or should give notice to the contrary, he is entitled to assume and to act upon the assumption that every other person will perform his duty and obey the law.

**8. Automobiles §§ 10, 35—Allegations held not to show contributory negligence as matter of law in hitting truck stopped on highway.**

Allegations to the effect that defendant's truck was being driven over 45 miles per hour when the front and rear lights went out, that the driver stopped within about 54 feet on or near the center portion of the hard surface, that at the time or just before the driver stopped, he turned on the left-turn signal, that the truck's load of lumber protruded some four feet beyond the body of the truck without light or warning device, and that plaintiff's intestate, following on the highway, collided with the rear of the lumber, *held* not to disclose contributory negligence as a matter of law on the part of intestate.

**9. Parties § 12—**

Where the individual defendant is mentioned only in the captions of the summons and complaint, without any reference to him in the body of the complaint, his name should be stricken.

APPEAL by plaintiff from *Johnston, J.*, July Term 1955 of FORSYTH.

Civil action by administrator to recover damages for wrongful death heard upon a demurrer.

The caption of the case, as it appears in the Record, gives two defendants: Clyde W. Myers and C. W. Myers Trading Post, Inc. Except in the caption, the complaint does not mention the name of Clyde W. Myers. The complaint alleges that the defendant C. W. Myers Trading Post, Inc., is a corporation, refers throughout the complaint to the defendant, and prays judgment alone against C. W. Myers Trading Post, Inc. The demurrer, and the judgment of the court sustaining it, refer to one defendant. The captions on the briefs of appellee and appellant have only the corporate defendant's name. Apparently the demurrer was filed by the corporate defendant alone.

From judgment sustaining the demurrer, the plaintiff appeals, assigning error.

*Deal, Hutchins & Minor for Plaintiff, Appellant.*
*Jordan & Wright for Defendant, Appellee.*

PARKER, J.  The material allegations of the complaint are substantially these:

About 7:00 p.m. on 26 November 1954, the defendant C. W. Myers Trading Post, Inc., owned a large Reo Truck with a flat, wooden bed, which it used in hauling lumber, and which at the time was being driven on State Highway 311 about three miles from Winston-Salem, North Carolina, with a large load of rough lumber on it by Zachary Battle, a servant and agent of the corporate defendant, within the scope of his employment, in furtherance of his master's business, and for the purpose for which the corporate defendant owned and maintained the truck. The bed of the truck was four feet, or more, above the highway, and an improvised second-hand bed had been placed upon the chassis and frame of the truck, which was 12 inches, or more, longer than the framework of the truck. The rough lumber on the truck extended ten feet, or more, above the bed of the truck. The lumber was 12 feet, or more, in length with two lengths of the lumber placed end to end on the truck. The load of lumber extended more than four feet beyond the bed or body of the truck. The corporate defendant should have had at the end of this load of lumber in such a position as to be clearly visible at all times from the rear of such load a red flag, red reflector, or red light, or other warning device, plainly visible under normal atmospheric conditions at least two hundred feet from the rear of the truck, and it violated the statute in this respect as set forth in G.S. 20-117.

About three miles from Winston-Salem the truck was being driven at a speed greater than 45 miles an hour, when the front and rear lights of the truck went out. Whereupon the driver, Zachary Battle, without giving any signal that he intended to stop, brought the truck to a sudden and abrupt stop, within a distance of about 54 feet, on or near the center of the paved portion of the highway, when he could have driven the truck off the paved portion of the highway and on the right shoulder, where there was ample space. Simultaneously Zachary Battle turned on his left-turn signals on the truck, indicating a forward movement of the truck to the left, when he had no intention of turning or driving forward. Plaintiff's intestate following in his Ford automobile ran into the rear of the truck, and received injuries resulting in death. Zachary Battle, and his helper, put a reflector, flare and fusee 200 feet in front of the parked truck, but none to the rear of the truck, though they had sufficient time to do so. The defendant, and its agents, knew, or should have known, that the color of the highway, truck and lumber were about the same, and blended together. The defendant should have had reflectors placed on the rear of the lumber, so that the reflectors would disclose the presence of the truck, if its lights were not burning. That

the turning on of the left-turn signal on the truck prevented plaintiff's intestate from passing the truck on the left in safety.

That plaintiff's intestate was prevented from passing on the left side of the truck on account of the left-turn signals thereon, and was forced to turn back and follow in behind the truck, as it was supposed to turn left, but instead of turning left, the truck abruptly stopped making it impossible for him to avoid a collision. The automobile of plaintiff's intestate collided with the lumber protruding beyond the bed of the truck. The lumber penetrated the windshield of the car, and practically decapitated plaintiff's intestate, causing instant death.

The collision, and resulting death of plaintiff's intestate, was caused by no fault, or negligence on his part, but was proximately caused by the negligence of the corporate defendant. Here follow ten specific allegations of negligence based upon the facts narrated above.

The corporate defendant demurred to the complaint on two grounds: one, it appears on the face of the complaint that the defendant, and its agents, were not guilty of actionable negligence, two, that plaintiff's intestate, according to the complaint's allegations, was guilty of contributory negligence as a matter of law.

The judgment states that, the court being of the opinion that the complaint fails to state a cause of action, the demurrer is sustained.

A complaint cannot be overthrown by a demurrer, unless it is totally lacking in sufficiency. *McKinley v. Hinnant,* 242 N.C. 245, 87 S.E. 2d 568; *Cotton Mills v. Mfg. Co.,* 218 N.C. 560, 11 S.E. 2d 550. If the complaint, in any portion of it, or to any extent, presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, it will survive a demurrer based on the ground that it does not allege a cause of action. *Workman v. Workman,* 242 N.C. 726, 89 S.E. 2d 390; *Batchelor v. Mitchell,* 238 N.C. 351, 78 S.E. 2d 240; *Bryant v. Ice Co.,* 233 N.C. 266, 63 S.E. 2d 547.

Upon this demurrer we take the allegations of fact in the complaint as true: the demurrer does not admit conclusions, or inferences of law. *McKinley v. Hinnant, supra.*

Construing the complaint liberally "with a view to substantial justice between the parties" (G.S. 1-151), and with every reasonable intendment made in favor of the pleader (*Sparrow v. Morrell & Co.,* 215 N.C. 452, 2 S.E. 2d 365), it is manifest that the complaint alleges a cause of actionable negligence against the corporate defendant sufficient to survive the first ground of assault set forth in the demurrer. The failure of the defendant to display a red light at the end of the lumber, which extended more than four feet beyond the rear of the bed or body of the truck, plainly visible under normal atmospheric conditions at least 200 feet from the rear of the truck, between one-half hour after sunset and

one-half hour before sunrise, as required by G.S. 20-117, was negligence. *Bumgardner v. Allison*, 238 N.C. 621, 78 S.E. 2d 752; *Williams v. Express Lines*, 198 N.C. 193, 151 S.E. 197. We take judicial notice of the fact that about 7:00 p.m. on 26 November 1954, in North Carolina, was within the time between one-half hour after sunset and one-half hour before sunrise. 31 C.J.S., Evidence, p. 700. Plaintiff's intestate's automobile ran into the rear end of the lumber on the truck, which truck had abruptly stopped on or near the center of the highway and had a left-turn signal on, and the lumber penetrated the windshield of his automobile practically decapitating him and causing instant death. It is a fair and reasonable inference that the corporate defendant in the exercise of due care could have reasonably foreseen that the failure to have the required light at the end of the lumber on its truck, which was being driven on a public highway at night, and which might have some casualty on the road and have to stop, might result in injury or death to some person, or that consequences of an injurious nature might have been expected, and that such failure proximately caused the death of plaintiff's intestate. Without considering the other facts alleged as actionable negligence, these facts alone are sufficient to overcome the first ground of the demurrer.

The final point presented for decision is this: On the face of the complaint, is the contributory negligence of plaintiff's intestate so patent and unquestionable as to bar recovery? *Ramsey v. Furniture Co.*, 209 N.C. 165, 183 S.E. 536.

A plaintiff's negligence to bar recovery need not be the sole proximate cause of injury. It suffices, if it contributes to his injury as a proximate cause, or one of them. *Sheldon v. Childers*, 240 N.C. 449, 82 S.E. 2d 396; *Tyson v. Ford*, 228 N.C. 778, 47 S.E. 2d 251.

In one part of the complaint it is alleged that when the front and rear lights of the truck went out, Zachary Battle brought the truck to a stop within a distance of about 54 feet—the complaint alleges the truck was going at a speed greater than 45 miles an hour—upon the right-hand side of the hard surfaced part of the highway, and simultaneously turned on the left-turn signals or left-turn lights on said truck, indicating a left turn of the truck from the highway, and plaintiff's intestate, following in his Ford automobile, ran into the rear of the truck, and was almost instantly killed.

In another part of the complaint it is alleged that Zachary Battle stopped the truck on or near the center of the paved portion of the highway, that there was ample space to turn off on the right shoulder of the highway, and that before the truck stopped Zachary Battle had an assistant to jump out of the cab, and to place flares or fusees about 200 feet in front of the truck, and that no flares or fusees were put 200 feet

to the rear of the truck, though there was ample time to do so; that at the time, or just before he stopped the truck, Zachary Battle turned on his left-turn signals, indicating his intention to make a left turn, and that plaintiff's intestate was caught in a trap, and prevented from passing on the left side of the truck on account of the left-turn signal, and was forced to turn back and follow behind the truck, but the truck instead of turning to the left, as it had indicated, abruptly ־stopped, making it impossible for plaintiff's intestate to avoid running into the rear end of the truck and being killed.

Whether a motorist colliding with a vehicle standing on the travelled portion of a highway is guilty of contributory negligence, as a matter of law, is a troublesome question. The test of liability for negligence, primary or contributory, is the care and prevision which a reasonably prudent person would employ in the circumstances. The rule is constant: the degree of care which a reasonably prudent man is required to exercise varies with the exigencies of the occasion. No exact formula can be laid down. As *Seawell, J.,* said of a collision of this type in *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637: "Practically every case must 'stand on its own bottom.'"

It is a well settled principle of law that a person is not bound to anticipate negligent acts or omissions on the part of others; but, in the absence of anything which gives, or should give notice to the contrary, he is entitled to assume and to act upon the assumption that every other person will perform his duty and obey the law and that he will not be exposed to danger which can come to him only from the violation of duty or law by such other person. *Gaskins v. Kelly,* 228 N.C. 697, 47 S.E. 2d 34; *Cummins v. Fruit Co.,* 225 N.C. 625, 36 S.E. 2d 11; *Hobbs v. Coach Co.,* 225 N.C. 323, 34 S.E. 2d 211; *Cab Co. v. Sanders,* 223 N.C. 626, 27 S.E. 2d 631; *Tarrant v. Bottling Co.,* 221 N.C. 390, 20 S.E. 2d 565; *Murray v. R. R.,* 218 N.C. 392, 11 S.E. 2d 326; *Wilkinson v. R. R.,* 174 N.C. 761, 94 S.E. 521; *Wyatt v. R. R.,* 156 N.C. 307, 72 S.E. 383.

In *Tyson v. Ford, supra,* and in *McClamrock v. Packing Co.,* 238 N.C. 648, 78 S.E. 2d 749, will be found a list of cases of this type in which contributory negligence was held as a matter of law to bar recovery, and a second list in which contributory negligence has been held to be an issue for a jury. We conclude the case at bar comes within the second list.

It may be noted that G.S. 20-141 (e) provides "that the failure or inability of a motor vehicle operator who is operating such vehicle within the maximum speed limits prescribed by G.S. 20-141 (b) to stop such vehicle within the radius of the lights thereof or within the range of his vision shall not be considered . . . contributory negligence *per se*

in any civil action . . ." There is no allegation in the complaint as to the speed of the car of plaintiff's intestate.

Defendant's truck at night was going over 45 miles an hour, the front and rear lights went out, and the driver stopped it within about 54 feet on or near the center of the paved highway. The driver of the truck at the time he stopped the truck, or just before he stopped it, turned on the left-turn signals of the truck. When Zachary Battle turned on the left-turn signals of the truck before he stopped it, or as he was stopping it, thereby indicating his intention to turn to the left on the highway, it would seem that plaintiff's intestate would be warranted in concluding that the truck in front would continue its indicated course. With no allegation as to the speed of the car of plaintiff's intestate, and no allegation as to how close his car was to the truck, when it began to stop, or how close he was travelling behind it, and with the truck giving a signal that it was going to turn to the left, and in fact abruptly stopping on or near the center of the highway, and when under those circumstances plaintiff's intestate drove his car at night into the rear of the lumber extending more than four feet beyond the bed or body of the truck, which lumber had no red light at the end of the load, it cannot be said that the allegations of the complaint state contributory negligence on the part of the plaintiff with that clearness and singleness of fact and inference which must obtain in order to justify sustaining the demurrer on the second ground stated therein.

The case of *Morris v. Transport Co.,* 235 N.C. 568, 70 S.E. 2d 845, relied on by the defendant, is distinguishable. In that case the Court said: "It is manifest from the evidence that the speed at which plaintiff was driving his automobile was the proximate cause, at least one of the proximate causes of his injury and damages."

The defendant also relies on *Singletary v. Nixon,* 239 N.C. 634, 80 S.E. 2d 676, where the Court says: "This testimony compels the conclusion that he was either operating his automobile at an excessive rate of speed or was not keeping a proper lookout at the time." That was a nonsuit upon the evidence. In the case at bar the allegations of the complaint compel no such inference.

The other cases cited by the defendant on contributory negligence are distinguishable.

We are frequently confronted with a serious and difficult question as to how far a court will declare certain conduct of a plaintiff contributory negligence as a matter of law, and take away the question from a jury. This case presents such a problem.

The name of Clyde W. Myers appears in the captions of the summons and complaint. No reference is made to him in the body of the com-

plaint. It would seem that his name should be stricken. *Roberts v. Hill*, 240 N.C. 373, 82 S.E. 2d 373.

We hold that the lower court was in error in sustaining the demurrer to the complaint, and the judgment below is

Reversed.