GENEVA GOULD, ADMINISTRATRIX OF THE ESTATE OF ELEANOR RUSH, DECEASED, v. NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION.

(Filed 11 January, 1957.)

**Convicts and Prisoners § 3: State § 3b—**

Evidence *held* sufficient to support findings of the Industrial Commission that death of intestate resulted from negligence of State employees while acting in the scope of their employment in administering corrective measures at the prison, and that intestate was not guilty of contributory negligence, and award of damages under the State Tort Claims Act is upheld.

JOHNSON, J., not sitting.
PARKER, J., dissenting.

APPEAL by defendant from *Mallard, J.,* at March Civil Term 1956, of WAKE.

Proceeding instituted before North Carolina Industrial Commission under State Tort Claims Act, Article 31 of Chapter 143 of General Statutes, on claim of plaintiff, Geneva Gould, Administratrix of the Estate of Eleanor Rush, deceased, for wrongful death of intestate alleging negligence on the part of defendant's employees while acting within the scope of their employment in administering corrective measures at the Woman's Prison in Raleigh, North Carolina.

The Deputy Hearing Commissioner, passing jurisdictional facts, found facts, "based upon the stipulations and all the competent evidence," summarily stated: (1) That Eleanor Rush, a prisoner in the Women's Prison, in Raleigh, came to her death on 20 August, 1954, by reason of negligence of employees of defendant acting within the scope of their employment and without contributory negligence on her part.

G.S. 143-291; (2) and that as a result thereof plaintiff has been damaged in the amount of $3,000.00, for which award was made to plaintiff.

Defendant filed certain exceptions to findings of fact and conclusions of law and to the award of the Deputy Hearing Commissioner, and appealed to the Full Commission.

Upon such appeal the Full Commission, by majority vote, amended the Findings of Fact of the Deputy Hearing Commissioner by adding thereto the following Findings of Fact:

"1. That the death of Eleanor Rush resulted and arose exclusively from, and was proximately caused and produced by, the negligence of said defendant's employees above named, while acting within the scope of their authority at the time, place, and in the manner herein described.

"2. That there was no contributory negligence on the part of Eleanor Rush."

And the Full Commission being of opinion that the assignments of error are without merit and should be overruled, adopted the Findings of Fact and the Conclusions of Law of the Deputy Hearing Commissioner, as so amended, and the order based thereon, and affirmed same in all respects.

Defendant appealed therefrom to Superior Court, assigning as error same matters covered by the exceptions theretofore filed to the Findings of Fact and Conclusions of Law and Award made by the Deputy Hearing Commissioner. And on such appeal the trial Judge overruled each and all of the exceptions, and affirmed the award of the Full Commission.

Defendant appealed from the judgment of Superior Court to Supreme Court purportedly upon same exceptions theretofore filed, as hereinabove set forth, and assigns same as error.

*Taylor & Mitchell and John H. Rennick for Plaintiff, Appellee.*

*R. Brookes Peters and Kenneth Wooten, Jr., for Defendant, Appellant.*

WINBORNE, C. J. A careful reading of the record and case on appeal, here presented, reveals evidence from which the findings of fact made by the Deputy Hearing Commissioner and by the Full Commission clearly appear, or may be fairly inferred. The conclusions of law follow as a matter of course. Therefore elaboration of the evidence, and discussion of legal principles seem unnecessary.

And while there is a motion in this cause to dismiss the appeal for failure of appellant to comply with our rules as to assignments of error, which motion is not without merit, we have concluded that the appeal should be disposed of as hereinabove indicated—rather than by dismissal.

Hence, after giving due consideration to the record and case on appeal as presented, the judgment from which appeal is taken is
Affirmed.

JOHNSON, J., not sitting.

PARKER, J., dissenting: These facts were found by the Hearing Commissioner, which facts the Full Commission adopted as its own: Plaintiff's intestate, Eleanor Rush, during her life was never gainfully employed for any period of time, with the exception of two weeks that she worked as a domestic servant, and for a certain period of time that she worked on Saturdays. Eleanor Rush served two sentences in the State's Prison for violating the criminal laws of this State, and while serving these two sentences she was a most unruly prisoner. Sometime prior to 20 August 1954, she was confined in an isolated cell of the prison for violating the prison rules. This cell was situate in a wing of the hospital at the prison. Prior to the night of 20 August 1954, the furnishings of this cell, with the exception of a mattress which was left lying on the floor, had been removed, because Eleanor Rush had endeavored to damage the furnishings. About 10:00 p.m. on 20 August 1954, Eleanor Rush and another inmate in an isolation cell began yelling and cursing in a loud and boisterous manner. I. D. Hinton, Superintendent of the Prison, heard the yelling and cursing of Eleanor Rush and the other inmate, and went to the isolation ward, and ordered them to be quiet as they were disturbing other prisoners, especially those who were ill and in the hospital. After Hinton left, Eleanor Rush and the other prisoner again began to yell and curse in a boisterous manner. Whereupon Hinton, with other prison employees, returned to the two cells with restraining belts. One of the guards applied a metal cuff to the wrist of the deceased, thereby bringing her under submission. Then a leather restraining belt was placed about her body, and her two arms were buckled to the belt. After this was done, Eleanor Rush continued boisterous. Whereupon a hand towel about 18 inches wide and 32 inches long was made into a gag, and placed in her mouth between her teeth, and tied behind her head. During the entire time that the gag was being applied, Eleanor Rush was violently resisting, and due to her resistance two guards had to hold her, one on either side. Thereafter a restraining belt and gag were also applied to the other prisoner, who had been causing the disturbance. After the belt and gag had been applied to the other prisoner, Eleanor Rush removed the gag from her mouth, and began again to yell and curse. Whereupon Hinton and other employees of the prison returned to her cell, and two towels were placed in her mouth and each was tied behind her head slightly tighter than the first gag. After the two towels were applied, Hinton

had a nurse to check to see that they were not interfering with her breathing. While one of the gags was being applied to the mouth of Eleanor Rush, the person applying the same negligently injured her neck, thereby causing her to suffer a dislocation of the neck. The dislocation at the time did not cause a compression of the spinal cord. After the two gags had been applied, Hinton and the employees left the cell. As they left, Eleanor Rush turned and walked to the window of the cell. Shortly thereafter Eleanor Rush, in a movement of her head, caused the dislocation of her neck to increase, thereby causing compression of the spinal cord and death.

The finding that the person applying the gag negligently injured Eleanor Rush's neck, thereby causing her to suffer a dislocation of her neck, is a pure conclusion. No facts have been found to show in what respect, if any, that this person was negligent. Upon those facts the Hearing Commissioner and two members of the Full Commission, with one Commissioner dissenting, found that the death of Eleanor Rush arose exclusively from, and was proximately caused by, the negligence of the employees of the defendant, and that there was no contributory negligence on the part of Eleanor Rush. Upon such findings and conclusions the Full Industrial Commission by a two to one decision upheld the Hearing Commissioner, and made an award of $3,000.00.

The Hearing Commissioner found, and the Full Commission adopted these findings as its own, that on 20 August 1954 the State Highway and Public Works Commission had in full force and effect certain rules and regulations governing the management of prisoners under its control. A portion of Section 207 of these rules and regulations is as follows: "Maintaining Discipline—Officers and employees shall be responsible for maintaining discipline at all times and under all circumstances among inmates who are under their direct supervision." This rule further provides that, as set forth in G.S. 148-46, when any prisoner shall disobey any lawful command, the officer, overseer, or guard, shall use any means necessary to enforce the observance of discipline. The rule further provides no officer or employee shall strike or lay hands on an inmate, unless it be necessary to quell a disturbance, or to prevent escape, etc., and in such cases only the amount of physical force necessary to accomplish the desired result is authorized.

If it be conceded that the defendant's employees were negligent, which, in my opinion, is very doubtful, I cannot escape the conclusion that, upon the facts found by the Hearing Commissioner, and adopted as its own by the Full Commission, Eleanor Rush was guilty of contributory negligence, which contributed to her death as a proximate cause, or as one of the proximate causes of her death. Upon the facts found, the acts and conduct of Eleanor Rush clearly show that she did not exercise the care and prevision which a reasonably prudent person

would employ in the same circumstances for her own safety. In my judgment, the facts found are so plain on that question that reasonable minds can draw no other inference.

"A plaintiff's negligence to bar recovery need not be the sole proximate cause of injury. It suffices, if it contributes to his injury as a proximate cause, or one of them." *Weavil v. Myers*, 243 N.C. 386, 90 S.E. 2d 733.

In my judgment, the findings of fact made by the Hearing Commissioner, and adopted as its own by the Full Commission, do not support the conclusion of the two members of the Full Commission that there was no contributory negligence on the part of Eleanor Rush. In my opinion, the defendant's assignment of error to the finding and conclusion that there was no contributory negligence on the part of Eleanor Rush is good, and should be sustained.

The findings of fact show that Eleanor Rush was a person who would not work, a criminal and an incorrigible prisoner. The prison authorities in the performance of their legal duties were required to prevent her yelling and cursing and disturbing the other prisoners, especially those who were ill in the hospital. By reason of her incorrigibility, her continued yelling and cursing, and her legal contributory negligence, she contributed proximately to her own death, and, in my opinion, the taxpayers of North Carolina should not be required to pay $3,000.00 to the administratrix of her estate. To do so, permits a recovery squarely based upon Eleanor Rush's wrong and misconduct, yelling and cursing, her incorrigibility, and her legal contributory negligence.

An appeal to the Supreme Court is an exception to the judgment. *Bennett v. Attorney General, ante*, 312, 96 S.E. 2d 46. "The exception to the judgment entered presents for decision only two questions: (1) Do the facts found support the judgment, and (2) does any error of law appear upon the face of the record?" *Bond v. Bond*, 235 N.C. 754, 71 S.E. 2d 53. In my opinion, the facts found do not support the judgment. I vote to reverse.