ABNER CORPORATION AND INDUSTRIAL RISK INSURERS v. CITY ROOF-
ING & SHEETMETAL COMPANY, INC. AND RELIABLE CONSTRUCTION
COMPANY, INC.

No. 8426SC513

(Filed 5 March 1985)

**1. Appeal and Error § 6.2— summary judgment for fewer than all defendants—right of immediate appeal**

   A summary judgment order entered in favor of one of two defendants af-
fected a "substantial right" and was immediately appealable. G.S. 1-277(a); G.S.
7A-27(d)(1).

**2. Negligence § 2— negligent performance of contract—action by third party**

   A tenant in a building could maintain an action against defendant for its
negligent performance of a subcontract to replace the building roof even
though the tenant was not a party to the general contract or the subcontract.

**3. Negligence § 2— negligent performance of contract—contributory negligence—issues of material fact**

   Genuine issues of material fact were presented as to whether defendant
negligently performed its subcontract to replace a building roof so as to cause
and permit the roof to leak and plaintiff tenant's goods stored in the building
to be water damaged and whether plaintiff was contributorily negligent in
causing its damages.

APPEAL by plaintiff from *Saunders, Judge*. Order entered 14
September 1983 in Superior Court, MECKLENBURG County. Heard
in the Court of Appeals 11 January 1985.

*Golding, Crews, Meekins, Gordon & Gray, by Rodney Dean,*
*for plaintiff appellant.*

*Mraz and Boner, P.A., by Richard D. Boner and John A.*
*Mraz, for defendant appellee, City Roofing & Sheet Metal Com-*
*pany, Inc.*

BECTON, Judge.

This is a negligence action. Both defendants, City Roofing &
Sheet Metal Company, Inc. (City Roofing) and Reliable Construc-
tion Company (Reliable), moved for summary judgment. The trial
court granted City Roofing's motion, but denied Reliable's motion.
The plaintiff, Abner Corporation (Abner), contends that the trial
court erred in entering summary judgment for City Roofing. We
agree.

## I

In 1981, defendant Reliable contracted with Ashcraft Realty Company (Ashcraft), which is not a party to this action, to renovate a building in Monroe, North Carolina, owned by Ashcraft. In May 1981 Reliable subcontracted with defendant City Roofing to remove and replace the roof of Ashcraft's building. Plaintiff Abner was a tenant in the building at the time.

While the roof work was being done, on 21 May 1981, there was minor leakage in the building. Abner notified both defendants. Shortly thereafter, a representative of City Roofing told Jack Watts, Abner's plant manager, that the roof had been repaired and that Abner could move its goods back into the west side of the building where the minor leakage had occurred. On 28 May 1981, after a heavy rainstorm, Abner noted major leakage. Water coming in around the vents in the roof caused extensive damage to Abner's goods stored in the building.

Abner alleged that in the process of performing roofing work on the building, City Roofing negligently caused and permitted the roof to leak, resulting in water damage to Abner's property stored in the building, as well as the costs associated with the salvage of the property, and delays in the operation of its business. City Roofing denied these allegations.

## II

[1] City Roofing has moved to dismiss Abner's appeal on the grounds that it is interlocutory and does not satisfy the criteria set forth in N.C. Gen. Stat. Sec. 1A-1, Rule 54(b) (1983), N.C. Gen. Stat. Sec. 1-277 (1983), and N.C. Gen. Stat. Sec. 7A-27 (1981). Although the trial court, in its 15 September 1983 order, did not certify that "there is no just reason for delay," as required by G.S. Sec. 1A-1, Rule 54(b) (1983), we conclude that Abner is entitled to an immediate appeal because the order affects a "substantial right." G.S. Sec. 1-277(a) (1983); G.S. Sec. 7A-27(d)(1) (1981); *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982) (possibility of inconsistent verdicts and separate trials).

[2] On appeal, City Roofing contends that because Abner was not a party to the general contract or the subcontract, Abner cannot maintain an action against City Roofing for the negligent performance of the subcontract. Although a duty to exercise due

care may arise out of a contractual relation, a complete binding contract between the parties is not a prerequisite to a duty to use due care in one's actions. *Davidson and Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661, 255 S.E. 2d 580, *disc. rev. denied*, 298 N.C. 295, 259 S.E. 2d 911 (1979). "The law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm, and calls a violation of that duty negligence. It is immaterial whether the person acts in his own behalf or under contract with another." *Council v. Dickerson's, Inc.*, 233 N.C. 472, 474-5, 64 S.E. 2d 551, 553 (1951).

Summary judgment is proper only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. Sec. 1A-1, Rule 56 (1983). Summary judgment is a " 'drastic remedy . . . [that] must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue.' " *Wilson Bros. v. Mobil Oil*, 63 N.C. App. 334, 336, 305 S.E. 2d 40, 42, *disc. rev. denied*, 309 N.C. 634, 308 S.E. 2d 718 (1983) (quoting *Kessing v. Nat'l Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971) ). It is rarely appropriate in a negligence action because ordinarily it is the duty of the jury to apply the standard of care of a reasonably prudent person. *Bernick v. Jurden.* Summary judgment must be denied when there is any genuine issue as to a material fact. *Dendy v. Watkins*, 288 N.C. 447, 219 S.E. 2d 214 (1975). For purposes of summary judgment, a genuine issue is one which may be maintained by substantial evidence, while a material fact is one which would constitute or would irrevocably establish any material element of a claim or defense. *Bone Int'l, Inc. v. Brooks*, 304 N.C. 371, 283 S.E. 2d 518 (1981).

[3] In the present case, Abner alleged that City Roofing was negligent in the performance of its contract with Reliable. City Roofing, in its Answer, alleged that Abner was contributorily negligent. Abner's affidavit filed in opposition to City Roofing's motion for summary judgment is sufficient to withstand summary judgment on both issues. City Roofing was under a duty to use due care in the performance of its contract to protect Abner's

property from harm. Thus, it is immaterial whether Abner was a party to the contract between City Roofing and Reliable. Whether City Roofing breached the duty to use due care and whether Abner was contributorily negligent are issues for the jury. Therefore, the judgment of the trial court is reversed, and this action is remanded.

Reversed and remanded.

Judges JOHNSON and MARTIN concur.