ROBERT E. BAKER, JR., Claimant v. NORTH CAROLINA DEPARTMENT OF CORRECTION, Defendant

No. 8610IC920

(Filed 21 April 1987)

**State § 8.3— negligence of prisoner—closing window on finger of another prisoner**
    The Industrial Commission erred by concluding that an inmate, Willingham, was not negligent in closing a window on the finger of another inmate where the findings made by the Commission disclosed that Willingham knew that plaintiff and others were cleaning windows outside the building, particularly the windows in the sickroom, and that he closed the window in the sickroom to keep the water being used to clean the windows from getting into the sickroom. The uncontroverted findings of fact dictate the conclusion that Willingham was negligent and that such negligence was a proximate cause of the injury to plaintiff's finger.

APPEAL by plaintiff from an opinion and award of the North Carolina Industrial Commission. Order entered 4 June 1986. Heard in the Court of Appeals 6 April 1987.

On 17 December 1984, plaintiff filed a claim for damages under the North Carolina Tort Claims Act, G.S. 143-291. Plaintiff sought to recover $6,500 in damages, alleging that his finger had been injured when an employee of defendant, Eastern Willingham, closed a window on it.

Following a hearing the Commission made the following uncontroverted findings of fact:

    1. On 9 July 1984, plaintiff Robert Baker, Jr. was an inmate at the Iredell County Unit of the North Carolina Department of Correction. He was assigned to wash windows of a dormitory which included an area referred to as the sick room.

    2. As plaintiff and others worked around the building, Eastern Willingham, another inmate, observed the work and went to the sick room to close the windows so that water would not get into the room and onto the beds. Reaching between two bunk beds, Willingham shut the window, which opened from the top into the room, against the right index finger of plaintiff whom Willingham had not seen. At the time of the accident, plaintiff had been clearing dirt from the bottom of the window so that he could close it.

3. Willingham had requested the task of cleaning the sick room in which he and other inmates slept, and he had been assigned the job as one of his tasks. He received emergency gain time for his work in the sick room in addition to regular gain time from working in the clothes room.

4. When Willingham shut the window, he knew that plaintiff and others were cleaning the windows but he had no reason to know that plaintiff was at the very window Willingham was shutting or that plaintiff was in any position of danger. Willingham gave no warning prior to his closing the window.

The Commission further found "[i]n closing the window, Willingham had the duty to take reasonable care in avoiding harm to anyone that he knew to be in the area. Having no knowledge of plaintiff's presence, he breached no duty to plaintiff."

Based on these findings, the Commission concluded that on 9 July 1984, Eastern Willingham was an "involuntary servant and an agent" of defendant, acting within the scope of his agency and servitude at the time he closed the window in the sickroom, but that he was not negligent in closing the window. From an order denying his claim, plaintiff appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Randy Meares, for the State.*

*N. C. Prisoner Legal Services, Inc., by Marvin Sparrow, for plaintiff, appellant.*

HEDRICK, Chief Judge.

The one question presented on this appeal is whether the Commission erred in concluding that Willingham "was not negligent in his closing of the window of the sick room."

The law imposes upon every person who enters upon an active cause of conduct the positive duty to exercise ordinary care to protect others from harm and a violation of such duty constitutes negligence. *Williamson v. Clay,* 243 N.C. 337, 90 S.E. 2d 727 (1956); *Abner Corp. v. City Roofing & Sheetmetal Co.,* 73 N.C. App. 470, 326 S.E. 2d 632 (1985).

The Commission in the present case made the finding that Willingham "had no reason to know that plaintiff was at the very window Willingham was shutting," and based on this finding concluded that Willingham was not negligent in closing the window. The evidence and other findings made by the Commission do not support the finding that Willingham had no reason to know that plaintiff was at the window. The findings made by the Commission disclose that Willingham knew that plaintiff and others were cleaning the windows outside the building and particularly the windows in the sickroom. Indeed, Willingham closed the window in the sickroom to keep the water being used to clean the windows from getting into the sickroom.

The only conclusion to be drawn from the findings of fact already made by the Commission is that Willingham failed to exercise ordinary care to protect plaintiff from harm when he closed the window to the sickroom on plaintiff's finger without first determining whether his course of action in closing the window could be done without injuring anyone when he knew or should have known that plaintiff and others were washing the windows outside the sickroom. The uncontroverted findings of fact dictate the conclusion that Willingham was negligent and that such negligence was a proximate cause of the injury to plaintiff's finger. Thus, the order of the Commission must be reversed and the cause remanded for an entry of an order concluding that Willingham was negligent and such negligence was a proximate cause of the injury to plaintiff's finger. The Commission must conduct a further hearing to determine the amount of damages plaintiff is entitled to recover for such injuries as were proximately caused by Willingham's negligence.

Reversed and remanded.

Judges EAGLES and PARKER concur.