PERCELL RICHARDSON, Employee, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CORRECTION, Defendant

No. COA94-737

(Filed 16 May 1995)

**Workers' Compensation § 41 (NCI4th)— prisoner injured while "on the job"—workers' compensation as exclusive remedy**

A prisoner's exclusive remedy for accidental injury arising out of and in the course of the employment to which he has been assigned, whether he is incarcerated or released, arises under the provisions of the Workers' Compensation Act, and the Industrial Commission therefore properly concluded that plaintiff's claims under the Tort Claims Act were barred by the Workers' Compensation Act. N.C.G.S. § 97-13(c).

**Am Jur 2d, Workers' Compensation § 162.**

Judge GREENE dissenting.

Appeal by plaintiff from order filed 31 March 1994 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 March 1995.

*J. Henry Banks for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Don Wright, for defendant-appellee.*

RICHARDSON v. N.C. DEPT. OF CORRECTION

[118 N.C. App. 704 (1995)]

LEWIS, Judge.

Plaintiff was permanently injured while working on a silage harvesting machine at Caldonia Farm in Tillery, North Carolina, operated by the North Carolina Department of Correction. On 23 September 1991, plaintiff filed a claim with the North Carolina Industrial Commission under the Tort Claims Act, N.C.G.S. §§ 143-291 to -300.1. In its amended answer, defendant moved to dismiss plaintiff's claim on the grounds that workers' compensation was plaintiff's exclusive remedy. By order filed 6 January 1993, Deputy Commissioner Jan N. Pittman granted defendant's motion to dismiss. Plaintiff appealed to the Full Commission, which, after a de novo hearing, by order filed 31 March 1994 affirmed the decision of Deputy Commissioner Pittman two to one. Plaintiff then appealed the Full Commission's order.

The issue on appeal is whether the Full Commission erred in concluding that N.C.G.S. § 97-13(c) (1991) bars plaintiff's claims under the Tort Claims Act. We affirm.

Section 97-13(c) permits prisoners to apply for workers' compensation if they suffer accidental injury arising out of and in the course of assigned employment and if the accident results in disabling injuries that continue after discharge from prison. Dependents and kin of prisoners who suffer accidental death may also apply for workers' compensation under this section. Section 97-13(c) further provides that N.C.G.S. §§ 97-10.1 and 97-10.2 apply to prisoners and discharged prisoners entitled to compensation under section 97-13(c) and to the State "in the same manner" as these sections apply to ordinary employees and employers. Section 97-10.1 sets forth the general rule that workers' compensation is the exclusive remedy for injured workers. By treating prisoners "in the same manner" as other employees under section 97-10.1, section 97-13(c) effectively provides that workers' compensation is a prisoner's exclusive remedy to the same extent as it is for other employees.

*Ivey v. North Carolina Prison Department*, 252 N.C. 615, 114 S.E.2d 812 (1960), relied upon by plaintiff, is distinguishable from the case at bar. In *Ivey*, our Supreme Court refused to read section 97-13(c) as barring recovery by a prisoner's estate under the Tort Claims Act. *Id.* at 620, 114 S.E.2d at 815-16. At the time *Ivey* was decided, section 97-13(c) only provided burial expenses when a prisoner suffered accidental death. *See id.* at 618, 114 S.E.2d at 814. *Ivey* held that "burial expenses" were not "compensation" as meant by the clause "entitled to compensation" in section 97-13(c). *Id.* at 619-20,

114 S.E.2d at 815. Since only those prisoners who were "entitled to compensation" could be barred by the section 97-13(c) reference to former section 97-10 (now rewritten as section 97-10.1), section 97-13(c) did not bar tort claims arising from the death of a prisoner. *See id.* Section 97-13(c) was amended in 1971 to grant compensation for death as well as for injury. 1971 N.C. Sess. Laws ch. 1176, § 1. At the time of *Ivey*, regular employees and prisoners had the same benefits potential for injuries but not for death. Since the 1957 and 1971 amendments of section 97-13(c), prisoners with assigned employment are entitled to pursue their rights under the Workers' Compensation Act "in the same manner" as other employees. *Id.*; 1957 N.C. Sess. Laws ch. 809, § 2. Since *Ivey* was a pre-1971 amendment death case in which the dead prisoner was not entitled to workers' compensation, its holding does not apply to plaintiff who is an injured employee who may elect to pursue compensation under the present version of the Workers' Compensation Act.

The other cases relied on by plaintiff are also inapposite. *Gould v. North Carolina State Highway & Public Works Commission*, 245 N.C. 350, 95 S.E.2d 910 (1957), is distinguishable from the case at bar because it dealt with the death of a non-working prisoner. *See id.* at 352, 95 S.E.2d at 911. *Lawson v. North Carolina State Highway & Public Works Commission*, 248 N.C. 276, 103 S.E.2d 366 (1958), is also not applicable here since it dealt with the law prior to the 1957 amendment of section 97-13(c), which applied the exclusivity provisions of former section 97-10 to prisoners. *Id.* at 280, 103 S.E.2d at 370. In addition, *Brewington v. North Carolina Department of Correction*, 111 N.C. App. 833, 433 S.E.2d 798, *disc. review denied*, 335 N.C. 552, 439 S.E.2d 142 (1993), is not controlling here because the issue of whether workers' compensation is a prisoner's exclusive remedy was not an issue on appeal in that case.

The benefits given prisoners under workers' compensation are not insubstantial. The defendant noted in its oral argument, and plaintiff did not contest, that prisoners, in addition to their weekly compensation payments may be entitled to vocational rehabilitation and lifetime medical benefits under workers' compensation to the same extent as are employees who are covered. If we were to adopt the plaintiff's position, prisoners would have the workers' compensation remedy and the right to sue under the Tort Claims Act, as well as any other actions, such as actions against state employees as individuals or product liability actions, which might lie in superior court.

**RICHARDSON v. N.C. DEPT. OF CORRECTION**

[118 N.C. App. 704 (1995)]

Our courts have refused to construe statutes so as to result in "palpable injustice" when the statutory language is "susceptible to another reasonable construction which is just and is consonant with the purpose and intent" of the act. *Wagoner v. Butcher*, 6 N.C. App. 221, 229, 170 S.E.2d 151, 156 (1969). We do not believe, as suggested by the dissent, that the legislature, through use of the word "may" in section 97-13(c), intended to vest prisoners with a greater election of remedies than available to those employees not serving prison sentences. We do believe that the legislature intended, by enacting section 97-13(c), to make recovery of disability "cash" benefits available to prisoners, as their exclusive remedy, after being released from custody. Otherwise, a prisoner, who is already provided with the custodial benefits of food, lodging, and medical care, could potentially receive a "double recovery" not available to employees generally. Section 97-13(c) clearly sets forth the legislative policy that prisoners be treated "in the same manner" as employees in regard to the limitation in section 97-10.1. Accordingly, a prisoner's exclusive remedy for "accidental injury . . . arising out of and in the course of the employment to which he had been assigned," whether he is incarcerated or released, as with other employees, arises under the provisions of the Workers' Compensation Act. *See* N.C.G.S. 97-13(c). Workers' compensation is the plaintiff's sole remedy.

We further dismiss plaintiff-appellant's equal protection argument as being without merit.

For the reasons stated, the order of the Full Commission is affirmed.

Affirmed.

Judge MARTIN, Mark D. concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the majority's opinion that the Industrial Commission's dismissal of plaintiff's claim under the Tort Claims Act was proper.

North Carolina General Statute § 97-13(c) of the Worker's Compensation Act provides:

This Article shall not apply to prisoners being worked by the State or any subdivision thereof, except to the following extent: Whenever any prisoner assigned to the State Department of Correction shall suffer accidental injury or accidental death arising out of and in the course of the employment to which he had been assigned, if there be death **or if the results of such injury continue until after the date of the lawful discharge of such prisoner to such an extent as to amount to a disability** as defined in this Article, then such discharged prisoner or the dependents or next of kin of such discharged prisoner may have the benefit of this Article by applying to the Industrial Commission . . . . The provisions of G.S. 97-10.1 and 97-10.2 shall apply to prisoners and discharged prisoners **entitled to compensation under this subsection** and to the State in the same manner as said section applies to employees and employers.

N.C.G.S. § 97-13(c) (1991) (emphases added). North Carolina General Statute § 97-10.1 provides:

If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death.

N.C.G.S. § 97-10.1 (1991). By the terms of Section 97-13(c), a prisoner who survives an accidental injury amounting to a disability that occurred while on assigned work cannot bring a claim under the Workers' Compensation Act until he is discharged. *Horney v. Pool Co.*, 267 N.C. 521, 527, 148 S.E.2d 554, 559 (1966) ("[w]hether the prisoner, if he had survived his injury, would be entitled to compensation under G.S. 97-13(c) could not be determined until the date of his discharge"). Therefore, because a prisoner accidentally injured while on assigned work cannot be "entitled to compensation under this subsection [97-13(c)]" while he is incarcerated, the exclusivity provision of Section 97-10.1 does not apply. An incarcerated prisoner should thus be allowed to pursue a claim under the Tort Claims Act for accidental injury occurring while on assigned work and resulting from the negligence of "any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority." N.C.G.S. § 143-291 (1993).

In this case, there was no evidentiary hearing; therefore, the question presented on the pleadings is whether the Workers' Compensation Act is plaintiff's exclusive remedy. The pleadings do not show whether plaintiff was still incarcerated or discharged when he filed his claim under the Tort Claims Act. If incarcerated, plaintiff, in fact, has no remedy under the Workers' Compensation Act pursuant to the provisions of Section 97-13(c), and his only remedy while he is in prison is under the Tort Claims Act. *See Brewington v. North Carolina Dep't of Correction*, 111 N.C. App. 833, 433 S.E.2d 798 (appeal by prisoner injured while working in Central Prison kitchen from decision of Industrial Commission on plaintiff's claim under Tort Claims Act that there was no negligence on part of named employees and officers), *disc. rev. denied*, 355 N.C. 552, 439 S.E.2d 142 (1993); *Baker v. North Carolina Dep't of Correction*, 85 N.C. App. 345, 354 S.E.2d 733 (1987) (appeal by prisoner injured while washing dormitory windows on assigned work from decision of Industrial Commission under Tort Claims Act that there was no negligence on part of another inmate). Therefore, the Industrial Commission's dismissal of plaintiff's claim under the Tort Claims Act was improper, and that order must be reversed.