UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SUGAR TOP RESORT CONDOMINIUM
ASSOCIATION, INCORPORATED, a/k/a
Sugar Top Homeowners
Association,
<u>Plaintiff-Appellant,</u>

v.

No. 95-2369

BATSON-COOK OF ATLANTA,
INCORPORATED; STEVENS &
WILKINSON OF SOUTH CAROLINA,
formerly known as Stevens &
Wilkinson, Incorporated,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
J. Toliver Davis, Magistrate Judge.
(CA-94-134-1)

Argued: May 7, 1996

Decided: June 17, 1996

Before NIEMEYER AND WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Anthony Samuel di Santi, DI SANTI WATSON, Boone,
North Carolina, for Appellant. John Littleton Glover, Sr., GLOVER

& DAVIS, P.A., Newnan, Georgia; Thomas M. Starnes, Sr., PAT-TON, STARNES, THOMPSON, AYCOCK, TEELE & BALLEW, P.A., Morgantown, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Sugar Top Resort Condominium Association, Inc. (Sugar Top), a successor-in-interest to the developer of a large condominium complex in North Carolina, sued Batson-Cook of Atlanta, Inc. (Batson-Cook), the general contractor who constructed the condominiums, and Stevens & Wilkinson of South Carolina, Inc. (Stevens), the architectural firm who designed them, for negligent design, construction, and repair of the condominiums' balconies. Four years after the parties signed a certificate of substantial completion of the condominiums, the balconies began to develop cracks and rust stains. At that point, Batson-Cook agreed to inspect the balconies and correct construction defects. Pending those repairs, Sugar Top, Batson-Cook, and Stevens executed an agreement purporting to suspend for several months the statute of limitations with respect to any claim of Sugar Top arising out of the design or construction of the balconies. Shortly thereafter, Batson-Cook removed rust from and regrouted the balconies in accordance with its previous repair proposal. A Sugar Top official subsequently approved of these repairs as being "completed to the satisfaction of the Sugar Top Homeowners' Association." (J.A. at 60.)

Approximately three years later, when the balconies again began to crack, Sugar Top filed this action in state court in North Carolina, alleging that the defendants were negligent in both the original design and construction and the subsequent attempted repairs of the balconies. Batson-Cook and Stevens jointly removed the case to federal court based on federal diversity jurisdiction, and the parties then con-

2

sented to disposition by a magistrate judge. <u>See</u> 28 U.S.C.A. § 636(c)(1) (West 1993).

Upon the motions for summary judgment filed by Batson-Cook and Stevens, the magistrate judge entered judgment in favor of the defendants on all claims. Applying North Carolina law, the magistrate judge ruled that a six-year statute of repose barred Sugar Top's claims based on the original design and construction of the condominiums. <u>See</u> N.C. Gen. Stat. § 1-50(5)(a) (Supp. 1995). Regarding Sugar Top's claim of negligent repair against Batson-Cook, the magistrate judge concluded that the parties' "tolling agreement" (J.A. at 253), combined with Sugar Top's approval of the repairs, constituted an accord and satisfaction in settlement of that claim, <u>see Bromhal v. Stott</u>, 447 S.E.2d 481, 484 (N.C. Ct. App.) (observing that an accord and satisfaction, like a compromise and settlement, is a method of discharging a cause of action by an "agreement between the parties concerning payment or acceptance of less than the full amount owed"), <u>disc. rev. denied</u>, 454 S.E.2d 246 (N.C. 1994). In addition, the magistrate judge found that Sugar Top's own expert witness opined that Batson-Cook's repairs were proper. Finally, with respect to Sugar Top's claim that Stevens was negligent in failing to design a proper repair of the balconies, the magistrate judge found that Stevens's professional services ended upon its execution of the certificate of substantial completion and that Sugar Top "has presented no evidence that Stevens has performed any act or committed any omission through professional design or other services" since that time. (J.A. at 255.) Sugar Top appeals these rulings. <u>See</u> 28 U.S.C.A. § 636(c)(3).

We have carefully considered the briefs and oral arguments of the parties, as well as the record on appeal and applicable law. Sugar Top has failed to persuade us that its claims arising out of the original design and construction are still viable in view of the six-year statute of repose. Sugar Top, moreover, has not demonstrated that Stevens either agreed -- or had a continuing duty -- to inspect and correct its design specifications after the termination of its professional services. <u>See Clouse v. Gordon</u>, 445 S.E.2d 428, 433 (N.C. Ct. App. 1994) ("[T]he law is such that `mere inaction does not constitute negligence in the absence of a duty to act.'") (quoting 65 C.J.S. <u>Negligence</u> § 18). Turning to the claim against Batson-Cook, we find that although it owed Sugar Top the duty to exercise ordinary care in the performance

3

of the repairs that it undertook, see Abner Corp. v. City Roofing & Sheetmetal Co., 326 S.E.2d 632, 633 (N.C. Ct. App. 1985), Batson-Cook fulfilled that duty. The engineering firm retained by Sugar Top reported that Batson-Cook's repairs were proper, and the firm's materials engineer further testified that those repairs conformed to Stevens's design specifications, thus insulating Batson-Cook from liability. See Burke County Pub. Sch. Bd. of Educ. v. Juno Constr. Corp., 273 S.E.2d 504, 506-07 (N.C. Ct. App. 1981) (holding that general contractor is not liable for construction defects so long as it complied with the plans and specifications of the architect retained by the owner). To the extent that Sugar Top contends that Batson-Cook was negligent in restoring the balconies to their original condition, Sugar Top's claims arise out of the original design and construction, and thus they are time-barred. For these reasons, we find no reversible error in the magistrate judge's memorandum of decision and accordingly affirm.

AFFIRMED

4