***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Taylor with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff has filed a tort claim against the North Carolina Department of Correction alleging that while he was an inmate at Wake Correctional Facility, he was assigned *Page 2 
to work a maintenance job a the office of the North Carolina Employment Security Commission. Plaintiff alleged he was exposed to asbestos during his work assignment.
2. At the Pretrial Conference in this matter, defendant presented its Motions to Dismiss and requested that plaintiff's tort claim be dismissed with prejudice pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.
3. An employment relationship existed between plaintiff and defendant at the time plaintiff was allegedly exposed to asbestos.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee shall exclude all other rights and remedies of the employee as against the employer at common law or otherwise on account of such injury or death. N.C. Gen. Stat. § 91-10.1
2. In Blackmon v. North Carolina Department of Correction,118 N.C. App. 666, 457 S.E.2d 306 (1995), aff'd, 343 N.C. 259,470 S.E.2d 8 (1996), the Court of Appeals held that where a prisoner suffered an accidental death arising out of and in the course of the employment to which he had been assigned, his dependents or next of kin were entitled to specific benefits under the Workers' Compensation Act, but not to a wrongful death claim under the Tort Claims Act. Likewise, inRichardson v. North Carolina Department of Correction, 118 N.C. App. 704,457 S.E.2d 325 (1995), cert. granted, 341 N.C. 652, 461 S.E.2d 772
(1995), aff'd, 345 N.C. 128, *Page 3 478 S.E.2d 501 (1996), the Supreme Court affirmed the Court of Appeals' holding that the exclusive remedy to plaintiff, who was permanently injured while working on a silage harvesting machine operated by the Department of Correction, was derived under the Workers' Compensation Act, and that his claim under the Tort Claims Act was properly dismissed.
3. Under North Carolina General Statute § 97-13(c), any prisoner assigned to the State Department of Correction who suffers an accidental injury or death arising out of and in the course of the employment shall have the benefit of the Workers' Compensation Act. Any disablement or death of an employee resulting from an occupational disease is treated as an injury by accident within the meaning of the Workers' Compensation Act. N.C. Gen. Stat. § 97-52.
4. In light of the applicable legal principles, and the allegations made by plaintiff in his T-1 Affidavit, it is apparent that plaintiff's exclusive remedy is under the Workers Compensation Act. As such, the Industrial Commission lacks jurisdiction to hear this tort claim and plaintiff has failed to state a claim upon which relief may be granted.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's tort claim is hereby DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
This the 25th day of July, 2008.
 S/___________________________
 DIANNE C. SELLERS
 COMMISSIONER
CONCURRING:
 S/___________________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1