EDDIE GAMBLE v. BORDEN, INC.

No. 7910IC628

(Filed 4 March 1980)

**Master and Servant § 94.1— workmen's compensation—permanent disability— evidence uncontradicted—finding of temporary disability erroneous**

Where the Industrial Commission deleted the word "permanent" from the Deputy Commissioner's finding of fact and conclusion of law and in its opinion referred to plaintiff's case as one "wherein no one knows what the future holds" and concluded that defendants owed plaintiff compensation "until plaintiff is tendered or obtains work suitable to his capacity or has a change in condition," the Industrial Commission in effect found that the duration of plaintiff's disability was temporary, but such finding was erroneous since plaintiff's uncontradicted evidence was that he was permanently disabled and that his condition likely would not improve.

APPEAL by plaintiff from an Order and Award of the North Carolina Industrial Commission filed 26 March 1979. Heard in the Court of Appeals 30 January 1980.

It was stipulated that the plaintiff was injured on 23 September 1976 by an accident arising out of and in the course of his employment with defendant Borden, Inc.; that the case is one of admitted compensability and that plaintiff receive compensation at the rate of $146.00 per week.

Plaintiff's evidence tended to show that on 23 September 1976 plaintiff was driving a truck as a salesman and deliveryman for Borden, Inc. when he swerved to avoid an on-coming vehicle. Plaintiff was thrown from the truck and knocked unconscious. Plaintiff was found by Dr. Walter S. Lockhart to have ligamentous injury of the cervical spine, lumbosacral sprain, multiple contusions and cerebral concussion. Plaintiff has continued to suffer from constant back pain, headaches, dizziness and severe anxiety and depression and has been unable to return to work. Prior to the accident, plaintiff was a responsible and praiseworthy employee. Because of severe anxiety and depression suffered by plaintiff, Dr. Lockhart referred plaintiff to Dr. Karl Stevenson, a psychiatrist. Dr. Stevenson first saw plaintiff on 24 December 1976 and was treating plaintiff continuously at the time of the hearing before the Industrial Commission. Dr. Stevenson diagnosed plaintiff's injury as "post-traumatic syndrome, traumatic

neurosis" resulting from the concussion. Both Dr. Stevenson and Dr. Lockhart testified at the hearing with respect to plaintiff's injuries.

On 29 August 1978 Deputy Commissioner Denson filed an opinion and award in which she made findings of fact including fact No. 4 as follows: "4. Plaintiff suffers from post-traumatic syndrome, traumatic neurosis, as a result of the injury giving rise hereto and is permanently and totally disabled as a result thereof." Based on the finding of fact, Deputy Commissioner Denson made the following conclusion of law: "2. Defendants owe plaintiff compensation at the rate of $146.00 per week for plaintiff's lifetime because of the permanent total disability. G.S. 97-29." The Deputy Commissioner awarded plaintiff "compensation at the rate of $146.00 per week for plaintiff's lifetime."

Defendant appealed. The full Commission amended and revised Deputy Commissioner's finding of fact No. 4 to the effect that: "Plaintiff suffers from post-traumatic syndrome, traumatic neurosis, as a result of the injury giving rise hereto and at the time of the hearing on April 4, 1978 he was totally disabled as a result thereof." The full Commission revised conclusion No. 2 to the effect that: "Defendants owe plaintiff compensation at the rate of $146.00 per week until plaintiff is tendered or obtains work suitable to his capacity or has a change in his condition. G.S. 97-29; G.S. 97-32; G.S. 97-47." and revised the award to the effect that compensation be paid "until further order of this Commission."

From the opinion and award of the full Commission, plaintiff appealed.

*Bryant, Bryant, Drew and Crill, by Lee A. Patterson II, for plaintiff appellant.*

*Young, Moore, Henderson & Alvis, by B. T. Henderson II, for defendant appellee.*

MARTIN (Robert M.), Judge.

The critical fact in issue is the duration of plaintiff's total disability. "The question of whether there has been a total and permanent disability resulting from a loss of mental capacity caused by or resulting from an injury to the brain is one of fact."

*Priddy v. Cab. Co.,* 9 N.C. App. 291, 297, 176 S.E. 2d 26, 30 (1970). Duration is a critical finding necessary to support a compensation award under G.S. 97-29 and 30 which provide "[c]ompensation for disability, dependent as to amount upon whether the injury produces a permanent total, a permanent partial, a total temporary or a partial temporary incapacity." *Watts v. Brewer,* 243 N.C. 422, 423, 90 S.E. 2d 764, 766 (1956). 2 A. Larson, The Law of Workmen's Compensation § 57.10 (1976). Hence under the traditional four-way classification of disabilities, a total disability under G.S. 97-29 must be either permanent or temporary.

The terms permanent and temporary are not defined in the North Carolina Worker's Compensation Act. However, the Industrial Commission in its Twenty-Fourth Biennial Report for 1974-75, 1975-76 provides the following definitions: "Permanent Total Case: A permanent total case is one in which an employee sustains an injury which results in his inability to function in any work-related capacity at any time in the future." "Temporary Total Case: A temporary total case is one in which the employee is temporarily unable to perform any work duties." Larson defines permanent as "lasting the rest of claimant's life. A condition that, according to available medical opinion, will not improve during the claimant's lifetime is deemed a permanent one. If its duration is merely uncertain, it cannot be found to be permanent." A. Larson, *supra,* n. 7.

"[S]pecific findings by the Commission with respect to the crucial facts, upon which the question of plaintiff's right to compensation depends, are required." (Citations omitted) *Morgan v. Furniture Industries, Inc.,* 2 N.C. App. 126, 128, 162 S.E. 2d 619, 620 (1968). "If the findings of fact of the Commission are insufficient to enable the court to determine the rights of the parties upon matters in controversy, the proceeding must be remanded for the Commission to make proper findings." (Citation omitted) *Perry v. Furniture Co.,* 296 N.C. 88, 92, 249 S.E. 2d 397, 400 (1978). In its findings of fact, the Commission found only that "at the time of the hearing on April 4, 1978 he was totally disabled . . ." This finding is insufficient on the crucial fact of duration upon which plaintiff's right to compensation depends and is insufficient to support an award of compensation. However, although the Commission did not expressly find that plaintiff's disability is temporary, that finding is implicit in the Commission's opinion

and award taken as a whole. The Commission in deleting "permanent" from the Deputy Commissioner's finding of fact and conclusion of law, in referring in its opinion to plaintiff's case as one "wherein no one knows what the future holds" and in concluding that defendants owe plaintiff compensation "until plaintiff is tendered or obtains work suitable to his capacity or has a change in condition" has, in effect, found that the duration of plaintiff's disability is temporary. We, therefore, elect to treat the Commission's finding that plaintiff was totally disabled on the day of the hearing as a finding of temporary total disability.

Having made this determination, we must now apply the pertinent legal principles to the evidence and findings of the Commission. "[J]urisdiction of appellate courts on appeal from an award of the Industrial Commission is limited to the questions (1) whether there was competent evidence before the Commission to support its findings and (2) whether such findings support its legal conclusions." (Citations omitted) *Perry v. Furniture Co.*, 296 N.C. 88, 92, 249 S.E. 2d 397, 400 (1978). "The courts may set aside findings of fact only upon the ground they lack evidentiary support (Citations omitted). The court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." (Citations omitted) *Inscoe v. Industies, Inc.*, 292 N.C. 210, 215, 232 S.E. 2d 449, 452 (1977).

Examining the evidence before the Commission on the issue of the duration of plaintiff's disability, we hold that the evidence does not support a finding that plaintiff's disability is temporary. Dr. Stevenson testified:

> In response to the question of the probable duration of his condition at the time of my last examination of him, Mr. Gamble's condition to date has been almost downhill. I would conclude that his disability is probably permanent. Based upon my examination and conversations and treatment of Mr. Gamble, it is my opinion that the probable duration of Mr. Gamble's disability to work is permanent.

Dr. Lockhart testified:

> It is my opinion from my examination of Mr. Gamble that he is not able to work and that he is permanently disabled for

work. My opinion as to the probable duration of the disability to work is that he is permanently disabled from work.

There is no conflicting evidence in the record on the duration of plaintiff's disability nor is there evidence that plaintiff's condition will improve. In no reasonable view of the evidence before the Commission is the duration of plaintiff's disability any less than permanent. Therefore, the Commission erred in failing to find that plaintiff is permanently and totally disabled.

The case is remanded to the Industrial Commission for entry of an award in accordance with this opinion.

Reversed and remanded.

Judges ERWIN and WELLS concur.