NORVEL T. McKENZIE, EMPLOYEE, PLAINTIFF v. McCARTER ELECTRICAL COMPANY, EMPLOYER, PENNSYLVANIA NATIONAL INSURANCE COMPANY, CARRIER, DEFENDANT

No. 8710IC98

(Filed 18 August 1987)

1. **Master and Servant § 65.2— workers' compensation—back injury—subsequent disability to legs**

    The Industrial Commission erred in failing to make findings as to disability to plaintiff's legs caused by his arachnoiditis.

2. **Master and Servant § 69— workers' compensation—amount of recovery—choice of remedies**

    The Industrial Commission erred in limiting plaintiff's award to the scheduled injuries set forth in N.C.G.S. § 97-31 since plaintiff would be entitled to choose between the remedies provided for in N.C.G.S. § 97-29 and N.C.G.S. § 97-31(23) should the Commission ultimately find that there was a compensable loss to plaintiff because of his arachnoiditis so as to render plaintiff totally incapacitated.

3. **Master and Servant § 69.2— workers' compensation—successive injuries—compensation for permanent and total disability proper**

    Plaintiff who suffered two injuries to his back and who subsequently developed arachnoiditis was entitled to receive compensation under N.C.G.S. § 97-29 if he was permanently and totally disabled, and this was true even though no single injury resulted in total and permanent disability, so long as the combined effect of all the injuries caused permanent and total disability.

APPEAL by plaintiff from Opinion and Award of the Industrial Commission filed 14 August 1986. Heard in the Court of Appeals 10 June 1987.

This is a workers' compensation case where plaintiff was awarded compensation under N.C.G.S. § 97-31 for damage to his back resulting from a work-related injury. Plaintiff appeals and contends that since he was totally disabled an award should have been made under N.C.G.S. § 97-29.

On 9 August 1978, plaintiff, 62, suffered an injury to his back while on the job at defendant-employer. After he reached maximum medical improvement, plaintiff received a 25 percent permanent partial disability rating to his back as a result of the injury. However, he was able to continue working full time as a supervisor for defendant-employer.

On 20 January 1982, while still working for defendant, plaintiff suffered another injury to his back. Plaintiff's doctor, Dr. Blaine Nashold, found that the second injury caused an additional 25 percent permanent partial disability to plaintiff's back, for a total permanent disability rating of 50 percent.

Upon the termination of temporary total benefits for the second injury, plaintiff requested a hearing before the Industrial Commission and contended that the 50 percent disability rating was too low. After this hearing, the Deputy Commissioner entered an opinion and award which found that plaintiff reached maximum medical improvement on 19 September 1984 and that he had a total of 50 percent permanent partial disability to his back. The Deputy Commissioner also found that plaintiff had developed arachnoiditis. As a result of this condition plaintiff experiences sustained back and leg pain and has difficulty with prolonged sitting or standing. In addition, the Deputy Commissioner found that plaintiff can perform only sedentary activities with minimal physical activity.

Finally, the Deputy Commissioner found that due to the 20 January 1982 injury, plaintiff is incapable of earning the wages he was earning with defendant in the same or any other type employment. However, the Deputy Commissioner concluded that plaintiff was *not* totally disabled, since no other part of plaintiff's body (other than his back) was permanently disabled. Based on these findings, the Deputy Commissioner awarded plaintiff compensation under N.C.G.S. § 97-31 for the 25 percent permanent partial disability to his back as a result of the second injury.

Plaintiff appealed this opinion and award to the Full Commission, which affirmed the Deputy Commissioner's opinion and award with a dissent by Commissioner Clay. From the Full Commission's decision, plaintiff appeals.

*Mast, Tew, Morris, Hudson & Schulz, P.A., by Bradley N. Schulz and George B. Mast, attorneys for plaintiff appellant.*

*Young, Moore, Henderson & Alvis, P.A., by B. T. Henderson II and Joseph W. Williford, attorneys for defendant appellees.*

ORR, Judge.

Plaintiff argues that the Industrial Commission erred in limiting his compensation to an award for damage to his back under N.C.G.S. § 97-31.

In order to obtain compensation under the Workers' Compensation Act, the claimant must prove the existence of a disability as well as its extent. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982). "Disability" is defined by N.C.G.S. § 97-2(9) as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." "To support a conclusion of disability, the Commission must find: (1) that the plaintiff was incapable after his injury of earning the same wages he earned before his injury in the same employment, (2) that the plaintiff was incapable after his injury of earning the same wages he earned before his injury in any other employment and (3) that the plaintiff's incapacity to earn was caused by his injury." *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E. 2d 374, 378-79 (1986).

In the case *sub judice*, the Industrial Commission found that plaintiff met the three-part test set forth above and held that plaintiff was disabled.

Once the Industrial Commission found that a "disability," as defined by N.C.G.S. § 97-2(9), exists, the Commission must then determine whether that disability is (1) permanent total, (2) permanent partial, (3) total temporary, or (4) partial temporary. *Gamble v. Borden, Inc.*, 45 N.C. App. 506, 508, 263 S.E. 2d 280, 281, *disc. rev. denied*, 300 N.C. 372, 267 S.E. 2d 675 (1980). Therefore, two questions arise: first, whether the disability is "total" or "partial"; and second, whether the disability is "permanent" or "temporary."

"A permanent total case is one in which an employee sustains an injury which results in his inability to function in any work-related capacity at any time in the future. . . . A temporary total

case is one in which the employee is temporarily unable to perform any work duties." *Id.* at 508, 263 S.E. 2d at 281.

" '[S]pecific findings by the Commission with respect to the crucial facts, upon which the question of plaintiff's right to compensation depends, are required.' . . . 'If the findings of fact of the Commission are insufficient to enable the court to determine the rights of the parties upon matters in controversy, the proceeding must be remanded for the Commission to make proper findings.' " *Gamble v. Borden, Inc.*, 45 N.C. App. at 508, 263 S.E. 2d at 281-82 (citations omitted).

[1]   In the case at bar, the Commission found in part that:

> Plaintiff has developed arachnoiditis (inflammation and scarring of the nerves). As a result, he experiences sustained back and leg pain, anxiety and depression and difficulty with prolonged standing or sitting. . . . Plaintiff can only perform sedentary activities with minimum physical activity.

> Due to the January 20, 1982 injury, plaintiff is incapable of earning the wages he was earning as a supervisor with defendant-employer in the same or any other type employment; however, plaintiff is *not* totally disabled. Plaintiff's back is permanently partially disabled, and no other part of his body is permanently damaged.

Clearly the Commission acknowledged the existence and severity of the arachnoiditis condition but failed to treat it as a separate condition.

In *Fleming v. K-Mart Corp.*, 312 N.C. 538, 324 S.E. 2d 214 (1985), the Court addressed a set of facts similar to those in the case at bar. In *Fleming*, the plaintiff sustained a 50 percent permanent partial disability to his back as a result of a compensable accident and developed arachnoiditis, which caused pain in his back and legs. The result was that plaintiff could not pursue work of any kind and could not earn any wages. The Supreme Court held that when "an injury to the back causes referred pain to the extremities of the body and this pain impairs the use of the extremities, then the award of workers' compensation must take into account such impairment." *Id.* at 546, 324 S.E. 2d at 218-19. Furthermore, "a disabled plaintiff suffering from 'chronic back and leg pain' as a result of a work-related injury to the back

[can]not be fully compensated under N.C. Gen. Stat. 97-31(23) and [is] entitled to compensation under N.C. Gen. Stat. 97-29." *Harmon v. Public Service of N.C., Inc.*, 81 N.C. App. 482, 484, 344 S.E. 2d 285, 286 (1986).

Therefore, the Commission's failure to make findings as to disability to plaintiff's legs caused by the arachnoiditis was error and requires a remand to the Commission for appropriate findings.

[2] Plaintiff contends further that the Commission erred by limiting his award to the scheduled injuries set forth in N.C.G.S. § 97-31. Our Supreme Court in *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E. 2d 336 (1986), ruled that "Section 29 [compensation rates for total incapacity] is an alternate source of compensation for an employee who suffers an injury which is also included in the schedule. The injured worker is allowed to select the more favorable remedy, but he cannot recover compensation under both sections because Section 31 is 'in lieu of all other compensation.'" 318 N.C. at 96, 348 S.E. 2d at 340. Therefore, should the Commission ultimately find that there is a compensable loss to plaintiff because of the arachnoiditis, so as to render plaintiff totally incapacitated, then he can choose between N.C.G.S. § 97-31(23) and N.C.G.S. § 97-29.

[3] Defendant contends that plaintiff is not totally disabled as a result of the 1982 accident, because the arachnoiditis and pain to his legs resulted from the 1978 accident. However, in *Wilder v. Barbour Boat Works*, 84 N.C. App. 188, 352 S.E. 2d 690 (1987), the plaintiff suffered a 15 percent disability to his left leg as a result of a 1983 accident on the job. Prior to that injury plaintiff had suffered a 30 percent permanent disability to the same leg from another work-related accident, so that his total disability was 45 percent. After he was awarded compensation under N.C.G.S. § 97-31, plaintiff argued that the second accident materially aggravated his preexisting infirmity, so that he was entitled to receive compensation for total disability under Section 29. This Court agreed and stated that "where an injury has aggravated an existing condition and thus proximately caused the incapacity, the relative contributions of the accident and the pre-existing condition will not be weighed. *Anderson v. A. M. Smyre Co.*, 54 N.C. App. 337, 283 S.E. 2d 433 (1981)." *Id.* at 196, 352 S.E. 2d at 694. "If

an injured employee is *permanently* and *totally* disabled as the term is defined by N.C.G.S. 97-2(9), then he or she is entitled to receive compensation under N.C.G.S. 97-29. . . . (Citations omitted.) This is true even though no single injury of claimant resulted in total and permanent disability, so long as the combined effect of all of the injuries caused permanent and total disability." *Fleming v. K-Mart Corp.*, 312 N.C. at 547, 324 S.E. 2d at 219 (emphasis added).

For the foregoing reasons, we hold that plaintiff is not limited to recovery under N.C.G.S. § 97-31. Therefore, we remand this case to the Industrial Commission for additional findings as to plaintiff's disability resulting from the arachnoiditis. Having disposed of plaintiff's appeal in this manner, we need not address plaintiff's remaining assignments of error.

Remanded for additional findings.

Judges WELLS and PHILLIPS concur.