RICHARD M. JONES, PLAINTIFF/APPELLANT v. LOWE'S COMPANIES, INC., DEFENDANT/APPELLEE, SELF-INSURED (FRED S. JAMES & CO., ADJUSTING AGENCY)

No. 9010IC920

(Filed 21 May 1991)

**Master and Servant § 90 (NCI3d) — workers' compensation — failure to give immediate notice to employer — reasonable excuse**

In an action to recover workers' compensation benefits, the finding by the Commission that plaintiff failed without reasonable excuse to give his employer written notice of the accident within 30 days of its occurrence was not supported by the evidence where it tended to show that plaintiff in fact did not give immediate notice to the employer's warehouse manager and shipping supervisor; he continued to work for his employer at his regular job, though he did have some pain which worsened over time; he notified his employer two months after the accident when his leg became numb and

would no longer support his body; and it was not until this time that he realized the nature and seriousness of his injury.

**Am Jur 2d, Workmen's Compensation §§ 442 et seq.**

APPEAL by plaintiff from Opinion and Award of North Carolina Industrial Commission entered 9 May 1990. Heard in the Court of Appeals 13 March 1991.

*Richard B. Hager, P.A., by Richard B. Hager, for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, by Thomas M. Clare, for defendant-appellee.*

GREENE, Judge.

Richard M. Jones (Employee) appeals from an "Opinion and Award" of the Industrial Commission denying his claim for benefits under the Workers' Compensation Act (Act).

The findings made by the Commission which are supported by some competent evidence in the record reveal that on the morning of 20 October 1988, Employee was engaged in the delivery of several panels of sheetrock to a job site. While he was carrying two of the panels "the wind blew against the panels thereby twisting [Employee] . . . and the panels of sheetrock whereupon [Employee] . . . felt the immediate onset of back pain radiating to his left leg." Employee continued to work for Lowe's Companies, Inc. (Employer) and "did not relate anything" to Employer about the accident or his injury. On 23 December 1988, Employee first sought medical care for his injuries "because his left leg . . . [became] numb and . . . folded up on him . . . ." Employee on 23 December 1988 orally advised Employer that "he had hurt his back on the job in October, 1988" and gave Employer written notice of the accident on 16 January 1989.

The Commission entered the following relevant finding of fact:

[Employee] . . . did not give [Employer] . . . written notice of his accident within 30 days of its occurrence and he did not have reasonable excuse for failing to timely give said notice.

The Commission then concluded that Employee was not entitled to any benefits under the Act because "he failed, without reasonable

excuse therefore, to give [Employer] . . . written notice of the accident within 30 days of its occurrence."

---

The issue is whether the evidence supports the finding of the Commission that Employee failed without reasonable excuse to give Employer written notice of the accident within 30 days of its occurrence.

N.C.G.S. § 97-22 provides that an "injured employee" must give written notice to his employer "immediately on the occurrence of an accident, or as soon thereafter as practicable . . . ; but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident . . . ." N.C.G.S. § 97-22 (1985). Here, Employee's written notice was well outside the 30-day requirement. However, the employee is excused from this 30-day notice requirement if the employee has a "reasonable excuse . . . for not giving such notice and . . . the employer has not been prejudiced thereby." N.C.G.S. § 97-22 (emphasis added).

A "reasonable excuse" has been defined by this Court to include "a belief that one's employer is already cognizant of the accident . . ." or "[w]here the employee does not reasonably know of the nature, seriousness, or probable compensable character of his injury and delays notification only until he reasonably knows . . . ." *Lawton v. County of Durham*, 85 N.C. App. 589, 592, 355 S.E.2d 158, 160 (1987). The burden is on the employee to show a "reasonable excuse."

Employee argues that he advised Employer's warehouse manager and shipping supervisor of his accident on the day it occurred. The Commission, however, rejected Employee's testimony on this point and found as a fact that Employee "did not relate anything" to Employer about the accident or his injury until 23 December 1988. In that there is competent evidence from Employer's warehouse manager and shipping supervisor denying any notice, we are bound by the finding. *Grant v. Crouch*, 243 N.C. 604, 607-08, 91 S.E.2d 705, 707 (1956). Accordingly, the required notice cannot be excused on the grounds that the Employer was "already cognizant of the accident."

Employee next argues that he did not reasonably know of the "nature, seriousness, or probable compensable character of his injury" on the date of the accident. On this issue Employee offered

testimony that he did not realize until 23 December 1988, the day his leg became numb and would no longer support his body, the nature and seriousness of his injury. The undisputed evidence reveals that, up until that time, Employee continued to work at his regular job for Employer, though he did have some pain which worsened over time. This evidence does not support the finding of the Commission that Employee "did not have a reasonable excuse for failing to timely give said notice." To the contrary, any reasonable view of this evidence requires a finding that Employee notified Employer of the accident as soon as he was or should have been aware of the "nature, seriousness, and probable compensable character of his injury." *See Gamble v. Borden, Inc.*, 45 N.C. App. 506, 510, 263 S.E.2d 280, 282, *disc. rev. denied*, 300 N.C. 372, 267 S.E.2d 675 (1980) (where all the evidence in the record supported a finding that employee's injuries were permanent, the finding of the Commission that the injuries were temporary was vacated and the case remanded for entry of finding that injuries were permanent). It therefore follows that the conclusion of the Commission that Employee failed without reasonable excuse to give written notice is vacated and remanded for entry of an order concluding that the Employee did have a reasonable excuse in failing to timely notify Employer of the accident. *See Baker v. Dept. of Correction*, 85 N.C. App. 345, 347, 354 S.E.2d 733, 734 (1987) (Commission's conclusion vacated and remanded for entry of new conclusion of law consistent with findings).

On remand, the Commission must now determine if Employer has been prejudiced by the delayed written notice. N.C.G.S. § 97-22. If prejudice is shown, Employee's claim is barred even though he had a reasonable excuse for not giving notice of the accident within 30 days. On this issue the burden is on Employer to show prejudice. *See In the Matter of the Compensation of Dorothy Higgins v. Medical Research Foundation of Oregon*, 615 P.2d 1192, 1194 (Or. 1980); *Manitowoc County v. Dept. of Industries, Labor and Human Relations*, 276 N.W.2d 755, 758 (Wis. 1979) ("[i]n the absence of notice, the employer has the burden of showing it has been prejudiced"). Whether prejudice exists requires an evaluation of the evidence in relationship to the purpose of the statutory notice requirement.

> The purpose is dual: First, to enable the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and second, to facilitate

the earliest possible investigation of the facts surrounding the injury.

2B Larson's Workmen's Compensation Law § 78.10, 15-102; *Booker v. Medical Center*, 297 N.C. 458, 481, 256 S.E.2d 189, 204 (1979).

Vacated and remanded.

Judges WELLS and WYNN concur.