The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard B. Ford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with minor and technical modifications and the addition of finding of fact number 9 and conclusion of law number 4.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 2, 3, or 4 March 1992, the parties were subject to the North Carolina Workers' Compensation Act.
2. On said date(s) the employer-employee relationship existed between the parties.
3. As of said date(s), Itt Hartford provided the coverage to the employer as provided under said Act.
4. The alleged injury giving rise to the plaintiff's claim occurred on 2, 3, or 4 March 1992.
5. On said date(s) the plaintiff's average weekly wage was $462.00.
6. That the issues to be determined in this case are:
 a) Did the plaintiff sustain an injury by accident arising out of and in the course of his employment with the defendant-employer on 2, 3, or 4 March 1992;
 b) If so, were the injuries of which the plaintiff complains caused by the said accident;
 c) Did the plaintiff comply with N.C. Gen. Stat. § 97-22 and 23 of said Act in giving notice of his claim under the Act to the employer:
 d) If so, to what compensation is the plaintiff entitled under the Act?
7. The parties further stipulate that the Form 18 filed by the plaintiff was received 21 April 1992 by the Commission and that any unemployment payments received by the plaintiff from the Employment Security Commission will be credited against any temporary total disability compensation benefits, if any, to which the plaintiff may be entitled under the Act, and that the defendants are entitled to an independent medical examination of the plaintiff to be completed by 17 August 1993.
* * * * * * * * * * * *
The parties introduced the following exhibits:
1. Plaintiff's Exhibit 1, marked P1, consisting of a medical work release slip dated 13 March 1992.
2. Plaintiff's Exhibit 2, marked P2, consisting of a medical work release slip dated 23 March 1992.
3. Plaintiff's exhibit 3, marked P3, consisting of a Form 18 dated 15 April 1992.
4. Defendants' Exhibit 1, marked D1, consisting of a letter of resignation dated 20 May 1993.
5. Defendants' Exhibit 2, marked D2, consisting of page 20 from the defendants' Employee Manual.
6. Defendants' Exhibit 3, marked D3, consisting of the Form 18 received by the Commission on 20 April 1992.
7. Defendants' Exhibit 4, marked D4, consisting of an Employee Data Sheet.
8. Defendants' Exhibit 5, marked D5, consisting of a Leave of Absence request dated 8 April 1992.
9. Deposition of Dr. Donald G. Joyce dated 18 August 1993.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. The plaintiff who was employed at Carolina Motor Club, Inc. (Motor Club) frequently complained of back problems to his co-employees and had a history of back problems. On 13 March 1992, the plaintiff sought medical care and treatment for back pain. Due to the back pain, plaintiff could not attend work. On or about this same day, plaintiff advised his supervisor and the personnel director of his back pain, but he made no report of any accident or traumatic incident which was work related.
2. Due to his back pain, employee-plaintiff received a medical release from work on or about 26 March 1992. The plaintiff made no report of an accident or traumatic incident which was work related when he sought his medical release on this date.
3. When the plaintiff initially sought treatment from Dr. Donald G. Joyce on 16 March 1992, the plaintiff gave no history to Dr. Joyce of a work related traumatic incident. When a patient makes complaints of a work related injury or traumatic incident, Dr. Joyce records such history in his medical records and notes. On 21 April 1992, the plaintiff advised Dr. Joyce he was filing a workers' compensation claim.
4. Prior to reporting the workers' compensation claim to Dr. Joyce, plaintiff had been treated by Dr. Joyce for over a month and a half, had undergone a laminectomy, and had been placed on leave of absence from his employment with the Motor Club.
5. On 16 April 1992, the plaintiff's supervisor and personnel director visited the plaintiff at his home and advised him that his job would be filled but that plaintiff would receive his full pay for 90 days. Thereafter, work would be available for the plaintiff based on job openings with the Motor Club. During the conversation, the plaintiff did not report that he had been injured at work.
6. The Motor Club, through various employees including the plaintiff's supervisor and the director of personnel, was aware that the plaintiff had a history of back problems. However, no one advised the Motor Club that the plaintiff claimed a work related accident or traumatic incident causing said back problems until 21 April 1994 when the Form 18 was filed.
7. The Motor Club's Employee Manual required employees to immediately report any work related injuries.
8. The plaintiff failed to provide credible evidence that he sustained an injury by accident arising out of and in the course of employment.
9. In addition, plaintiff failed to provide credible evidence that he filed a claim with either of the defendants or the North Carolina Industrial Commission within thirty days of the alleged injury. Furthermore, plaintiff failed to show a reasonable excuse for failure to provide timely notice. Defendants were prejudiced by plaintiff's failure to provide timely notice of the accident to them or the Industrial Commission in that there was no adequate opportunity to investigate plaintiff's alleged injury, there was no opportunity to explore the benefits of conservative treatment or to avoid other activities, and there was no opportunity for defendants to seek an independent medical examination.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff failed to present credible evidence of an injury by accident arising out of and in the course of his employment and therefore failed to meet his burden of proof. N.C. Gen. Stat. § 97-2 (6). See also Perry v. American Bakeries Co., 262 N.C. 272,136 S.E.2d 643 (1964). Wilson v. Town of Mooresville,222 N.C. 283, 22 S.E.2d 907 (1942).
2. The plaintiff failed to provide notice of the accident to either his employer or the North Carolina Industrial Commission within thirty (30) days as required by N.C. Gen. Stat. § 97-23.See also N.C. Gen. Stat. § 97-23. Additionally, the plaintiff failed to show a reasonable excuse to the satisfaction of the Industrial Commission for not giving such notice. Singleton v.Durham Laundry Co., 213 N.C. 32, 195 S.E.2d 34 (1938); see alsoBooker v. Duke Medical Center, 297 N.C. 458, 256 S.E.2d 189
(1979).
3. Plaintiff's failure to provide notice to either his employer or the North Carolina Industrial Commission within thirty (30) days resulted in prejudice both to the employer-defendant and to the carrier defendant. Plaintiff's failure to report the claim, as required by N.C. Gen. Stat. § 97-22, prevented the employer from having the opportunity, with the benefit of an immediate medical diagnosis, to commence an early investigation of plaintiff's alleged injury, the opportunity to explore the benefits of conservative treatment or of avoiding other activities, and the opportunity for defendants to seek an independent medical examination. Jones v. Lowe's Cos., 103 N.C. App. 73,404 S.E.2d 165 (1991).
4. Furthermore, since defendants were prejudiced by plaintiff's failure to provide timely notice, plaintiff's claim to compensation is thereby barred but only to the extent of such prejudice. N.C. Gen. Stat. § 97-23. However, even if the prejudice to defendants ceased to exist, plaintiff's claim for compensation fails nonetheless because plaintiff failed to prove he sustained an injury by accident arising out of and in the course of his employment.
AWARD
1. Therefore, IT IS HEREBY ORDERED that plaintiff's claim for workers' compensation benefits against the defendants shall be dismissed with prejudice.
2. Each side shall bear its own costs.
 S/ _________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ _________________________ COY M. VANCE COMMISSIONER