The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a 44-year-old married male and a Nash County native. He began but did not complete the tenth grade, and as a result of failing multiple grades in the interim was 21 years old when he ultimately dropped out of school. Plaintiff attended an automotive mechanics course for three months at a local technical college, but did not complete it. All his prior work experience has involved manual labor and has included farming, unloading 100-pound bags of fertilizer for four or five months and working in the City of Rocky Mount's maintenance department for four years doing outside maintenance.
2. For the last 16 years plaintiff has been employed by defendant Texfi Industries, and at the time of the injury giving rise hereto was responsible for making the sizing used to thicken yarn, requiring him to pick up 50-pound bags of sizing and mix various chemicals.
3. On August 12, 1988, while in the process of mixing chemicals, the chemicals boiled over resulting in plaintiff sustaining burns from the waist down. This resulted in the admittedly compensable injury by accident giving rise to the Industrial Commission award and not only requiring he be twice hospitalized to undergo split thickness skin grafts involving donor sites taken from his thighs, but from the same injury developed a squamous cell carcinoma in one of his donor sites requiring him to be hospitalized a third time for its removal.
4. As a result of his burns, plaintiff has sustained the permanent scars that were not only viewed by the Deputy Commissioner and this Commission, but the parties agreed to stipulate photographs of the same scars, which (photographs) are hereby incorporated by reference as if fully set out herein and accurately describe the size, location, color and character of plaintiff's permanent scars. Based on their size, color, character and coloration the same scars are not easily visualized when plaintiff removes his clothing, but are repulsive in appearance.
5. Based not only on their repulsive appearance, but taking into account plaintiff's age, education, background and work experience, as well as the above-described standard problems with serviceability, extremes of temperature and need for special care, the same permanent bodily scars are serious ones.
6. Dr. Peterson has diagnosed plaintiff's condition as neurasthenia, and this condition is a result of plaintiff's August 12, 1988 injury by accident. Neurasthenia is actually a 19th Century term and refers to weakness of body and spirit. Plaintiff has undergone repeated examinations and testing. As a result of these examinations, Dr. Peterson has opined that plaintiff is totally and permanently disabled. Dr. Peterson further opined that it would be futile for plaintiff to attempt to seek his previous job position. In reaching this opinion, Dr. Peterson considered plaintiff's active lifestyle in which he worked consistently for 16 years for defendant-employer.
7. The limitations that plaintiff has from engaging in manual labor are the result of his neurasthenia, which, as previously stated, is related to the burns sustained on August 12, 1988.
8. In January of 1989 plaintiff initially returned to light duty work pursuant to Dr. Peterson's recommendation; however, on attempting to return to his regular manual labor job in July of that year, he was unable to because of his chronic fatigue and weakness. Although defendant-employer may well be attempting to accommodate plaintiff's chronic weakness and fatigue, the lighter work that plaintiff does on the premises is non-productive work that is not necessary to the business' continued smooth operation.
9. The Full Commission finds that at the time he returned to work for defendant-employer earning the same wage on January 2, 1989, his disability continued and plaintiff was disabled in whole or in part by the burns sustained on August 12, 1988 and his condition has remained unchanged.
10. Plaintiff's August 12, 1988 injury caused and significantly contributed to the chronic fatigue and weakness giving rise to his claim for total and permanent disability. Plaintiff's testimony and Dr. Peterson's testimony, and other evidence, establish the necessary causal link between plaintiff's injury and therefore his disabling chronic fatigue and weakness are accepted as credible.
11. As a result of the injury by accident giving rise hereto, the Full Commission finds plaintiff to be permanently and totally disabled.
12. The Full Commission finds plaintiff's average weekly wage to be $316.28 yielding a compensable rate of $210.86.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment on August 12, 1988 when in the process of mixing chemicals, the same chemicals boiled over onto plaintiff while working for defendant-employer. N.C.G.S. § 97-2(6).
2. Plaintiff has proven by the greater weight of the evidence that as a result of the life threatening injuries he suffered on August 12, 1988 he is physically and mentally incapable of working and earning wages in the same or any other employment, and that even if he is capable of some work it would be futile to seek employment because of his chronic weakness and fatigue. His lack of cognitive and transferable skills, his inability to read or write effectively, his lack of education and his incapacity to benefit from retraining in combination with his physical and mental impairments. Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
3. Plaintiff has proven by the greater weight of the evidence that there are no jobs in his locality that he is able to do as a result of his physical and mental disability caused by his compensable injury and his existing limitations.
4. Plaintiff is entitled to permanent and total disability benefits. N.C.G.S. § 97-29. McKenzie v. McCarter Electrical Co.,86 N.C. App. 619 (1987). An employee can prove he is permanently and totally disabled in one of three ways: (1) the production of medical evidence that he is physically or mentally incapable of work in any employment as a consequence of the work-related injury; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work, but that it would be futile to seek other employment because of pre-existing conditions, i.e., age, inexperience, and lack of education. Proof that the employee falls into any one of the above categories is sufficient. Russell v. Lowe's ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993); Peoplesv. Cone Mills Corp., 316 N.C. 426, 342 S.E.2d 798 (1986). Plaintiff has proven to this Commission he is permanently and totally disabled.
5. Plaintiff is entitled to continuing compensation for all reasonable and necessary medical expenses arising from his compensable injury during his lifetime. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following
AWARD
1. Subject to counsel fees, defendants shall pay to plaintiff compensation for total disability for the remainder of his lifetime. The amount which has accrued to the date of this award shall be paid to plaintiff, subject to attorney's fee hereinafter awarded. Thereafter, plaintiff shall be paid weekly disability benefits of $210.86, with every fourth check going to plaintiff's attorney.
2. Defendants shall pay all of plaintiff's past and future, reasonable and necessary medical expenses arising from his compensable injury, when bills for same have been submitted through defendant-carrier to the Industrial Commission for approval.
3. A reasonable attorney's fee of twenty-five percent (25%) of the accrued compensation due plaintiff herein is approved for plaintiff's counsel and thereafter plaintiff's counsel shall receive every fourth check. Said attorney's fee shall be deducted from the compensation due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs due this Commission, including the expert witness fees to Dr. Peterson in the amount of $200.00, Dr. Braun in the amount of $45.00 and Dr. Bryan in the amount of $250.00.
5. Defendant shall pay the costs.
FOR THE FULL COMMISSION
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________________ JAMES J. BOOKER COMMISSIONER
CMV/cnp:mj 6/15/95