The majority has erred in finding that plaintiff failed to prove that she suffered an injury by accident or specific incident while in the course and scope of employment, mainly because she failed to give timely notice of her injury. The majority has found that plaintiff did not give notice of her claim of an injury by accident until she learned she would need surgery to correct her condition, and that prior to such time, plaintiff had indicated her condition was not work related. However, at no place in the medical records did plaintiff actually state that her injury did not occur at work, rather the medical records show that plaintiff was not initially sure of the cause of her injury. Plaintiff testified that when she first felt a twing in the back of her neck and down her right shoulder upon lifting a ream of paper at work on November 30, 2000, she did not realize the severity of her injury and thought it was just "nothing," or that she had just "moved wrong." Thus, plaintiff's failure to correlate her pain with the incident at work when giving a history during subsequent treatment was likely because she was not sure of what had happened when she first felt pain on that day.
In Jones v. Lowe's Cos., 103 N.C. App. 73, 404 S.E.2d 165 (1991), the Court of Appeals held that a claimant may be excused from giving timely notice of her injury when the claimant notified the employer of the accident as soon as she was, or should have been aware, of the `nature, seriousness, and probable compensable character of [her] injury.' Id. at 76, 167. In the instant case, the evidence of record shows that plaintiff, upon learning she would need surgery, gave timely notice to her employer upon becoming aware of the nature, seriousness and probable compensable character of her injury. Thus, the majority has erred in denying plaintiff's claim. For these reasons, I respectfully dissent.
 S/_____________ THOMAS J. BOLCH COMMISSIONER