***********
The undersigned have reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Phillips. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the Plaintiff and Defendants at all relevant times herein.
3. Travelers Property Casualty is the carrier on the risk for Defendant-Employer at all relevant times herein.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a forty-seven year old high school graduate.
2. Plaintiff was employed by Defendant-Employer in January 1999 as a truck driver.
3. On September 23, 1999, while performing his job for Defendant-Employer, plaintiff's truck was heavily loaded when Plaintiff hit a soft spot causing the bed of the truck to turn over. The extra weight in the back of the truck caused the truck to slam down and slide forward. This movement jarred plaintiff in his seat in the cab of the truck and also caused him to bump his knee on a bolt and his elbow on the glass inside the cab.
4. There were three witnesses to this accident. Witness Marvin Barrow testified at the hearing before the Deputy Commissioner that he did not see the accident, but arrived shortly after the accident and inquired if Plaintiff was hurt.
5. Plaintiff's supervisor, Ricky Doughety witnessed the accident. Plaintiff informed his supervisor that he was experiencing pain in his back and leg and needed to see a doctor.
6. On September 27, 1999, Plaintiff presented to his primary care physician, Dr. Callahan, and was first treated with prostatitus and referred to Dr. Barton Arthur, an orthopaedist.
7. Plaintiff presented to Dr. Arthur on November 11, 1999. Plaintiff was treated with celebrex, icing, exercise and recommended follow-up in six weeks. On December 28, 1999, Plaintiff returned to Dr. Arthur with continued complaints of back pain. Dr. Arthur made note that he would give plaintiff's injury more time and instructed plaintiff to follow-up in six weeks. Dr. Arthur ordered an MRI for March 6, 2000.
8. The results of the MRI showed grade one spondylolisthesis of L-5 on S-1 secondary to bilateral pars defects, marked narrowing of the left neuroforamina seen at S-1 with moderate narrowing noted involving the right neuroforamina at this level, secondary to the spondylolisthesis and disc bulging presumably causing nerve root impingement and mild disc bulging seen at L4-L5 without evidence of spinal stenosis or nerve root impingement.
9. Plaintiff was referred to Dr. Reeg, an orthopaedist, who opined that Plaintiff's spondylolisthesis had been present for many years but may have been aggravated by the accident at work. Dr. Adesegun B. Adeshoye, a neurologist, concurred in stating, "the patient most likely already has a cystic spondylolisthesis, which is aggravated by the truck accident."
10. An examination of Plaintiff's medical records shows that plaintiff continued to experience back pain up through January 2002. Dr. Reeg opined in his medical note dated January 15, 2002 that at that time it was impossible to predict when and if ever Plaintiff would be able to resume the type of work he was doing before even with operative intervention.
11. Plaintiff kept his supervisor informed of his treatment status and spoke with Ms. Dotty Row about filing a Workers' Compensation claim.
12. Plaintiff has been on light duty since February 27, 2000. Plaintiff informed the Defendant-Employer of his light duty restriction and as there was no light duty work available, plaintiff was unable to work for Defendant-Employer.
13. Defendants have not offered plaintiff any work within his restrictions, nor have they offered any evidence that there are any jobs Plaintiff is presently able to perform.
14. The competent evidence of record establishes Plaintiff's credibility. The Plaintiff sustained an injury by accident on September 23, 1999.
15. Defendants failed to provide the Form 22 as required by statute, therefore Plaintiff's average weekly wages at the time of his injury by accident will be the maximum compensation rate allowed at the time of injury by accident which totaled $560.00 per week.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. As a direct result of plaintiff's injury by accident, Plaintiff's pre-existing condition was aggravated and plaintiff sustained a compensable injury arising out of and in the course of his employment with defendant on September 23, 1999. N.C. Gen. Stat. § 97-2(6).
2. Since plaintiff's supervisor witnessed plaintiff's accident, defendant-employer is deemed to have had sufficient notice. N.C. Gen. Stat. § 97-22
3. Additionally, since defendants were aware of plaintiff's accident, defendants were not prejudiced by the failure to provide written notice. The burden of proof to show prejudice is on the defendants and they have brought forth no evidence that they have been prejudiced. Westbrooks v.Bowes, 130 N.C. App. 517, 503 S.E.2d 409 (1998); Jones v. Lowes Cos.,103 N.C. App. 73, 76, 404 S.E.2d 165, 167 (1991).
4. On September 23, 1999, plaintiff's average weekly wage was $560.00. N.C. Gen. Stat. § 97-2(5).
5. Plaintiff is entitled to have defendants pay for all medical expenses incurred or to be incurred as a result of his compensable injury of September 23, 1999 as may be required to provide relief, effect a cure, or lessen the period of disability. N.C. Gen. Stat. §§ 97-25;97-25.1, 97-2(19).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay all medical expenses incurred or to be incurred by Plaintiff as a result of his compensable injury for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen Plaintiff's period of disability.
2. The Full Commission hereby retains jurisdiction in this matter for the purpose of rendering a decision in the case regarding the extent of plaintiff's disability, as provided in the Order below.
3. Defendants shall pay all costs.
 ORDER
Upon review of the parties' briefs and the record of proceeding before Deputy Commissioner Phillips, and after hearing arguments of counsel, the Full Commission has determined that this case should be REMANDED for the taking of further evidence in order to determine the extent of plaintiff's disability.
Accordingly, it is hereby ORDERED that this case is REMANDED to a Deputy Commissioner solely for the taking of additional evidence on the issue of the extent of plaintiff's disability. The proceeding shall be transcribed and a transcript prepared for review by the Full Commission. The Full Commission retains jurisdiction for the purpose of rendering a decision in the case.
Nothing in this Order shall preclude the parties from filing stipulations or taking depositions in this case in lieu of an evidentiary hearing.
This the ___ day of October, 2003.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER