I respectfully dissent from the opinion of the majority in this matter concerning the issues of whether the plaintiff has shown through competent, credible evidence that she sustained an injury resulting from a specific traumatic incident of the work assigned to her on October 31, 2005, and whether the plaintiff has shown that she had a reasonable excuse for not giving written notice within thirty days of her injury. The undersigned finds there to be sufficient competent, credible evidence in this matter to support the plaintiff's claim, and further finds that the plaintiff had a reasonable excuse for not giving timely written notice of her injury.
The plaintiff testified that she was in the course and scope of her employment while attempting to move a fully loaded skid behind her work area. The wheel of the skid caught on a valve, which caused a sudden stop. The stop caused plaintiff to wrench her lower back. She testified that she felt a burning sensation in her lower back but continued to work. Although the plaintiff did not immediately report the incident or seek treatment, the undersigned notes that the plaintiff's description of the work-related incident was consistent with what the plaintiff eventually reported to her employer and treating physicians and, thus, should be found credible.
The plaintiff's treating physicians, Dr. Jaffe and Dr. Goldberger, both testified as to the issue of causation in this matter. Dr. Jaffe was of the opinion that the accident reports that the plaintiff and her employer had completed were "fairly consistent with the information she provided me at that time." He further noted that the mechanism described by the plaintiff was an event that could result in the back condition that he observed in the plaintiff. Dr. Jaffe was of the *Page 12 
opinion that if the plaintiff had no back problems prior to the October 31, 2005 work-related incident, it would be "highly probable" that the incident caused her back problems.
Dr. Goldberger was of the opinion that the October 31, 2005 work-related incident was consistent with the type of mechanism that could produce the lower back symptomatology that he found in the plaintiff, and stated that the plaintiff's report of "lower back pain that runs down both legs" was consistent with his opinion. He further testified that it is not uncommon to have a lapse in time between the initial injury and the onset of excruciating pain due to the inflammatory response of the spine and discs.
As to the issue of the plaintiff's failure to report her injury within thirty days of the injury, the undersigned notes that reasonable excuse is typically found where the employee does not reasonably know of the nature, seriousness, or probable character of her injury and delays notification until she reasonably knows of the same. Jones v. Lowe'sCos., Inc., 103 N.C. App. 73, 404 S.E.2d 165 (1991). In the present case, although the plaintiff did not provide the defendants with written notice of her injury within thirty days of its occurrence, the undersigned finds that the plaintiff had a reasonable excuse for this failure to timely report because she thought that her condition was not serious and that it would improve. The plaintiff did file a written report of her injury upon realizing the seriousness of her condition and its probable compensable character. Further, the undersigned finds that the defendants have not shown that they were prejudiced by this delay.
Based on the totality of evidence in this matter, the undersigned finds that the plaintiff has shown through competent, credible evidence that she sustained an injury resulting from a specific traumatic incident of the work assigned to her on October 31, 2005, and has shown that *Page 13 
she had a reasonable excuse for not giving written notice within thirty days of her injury. For these reasons, I respectfully dissent.
S/______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1