DANIEL SHORTS, Employee-Plaintiff,
v.
THE MEGA FORCE STAFFING GROUP, Employer,
AMERICAN HOME ASSURANCE COMPANY, Carrier, Defendants.
No. COA08-1506
Court of Appeals of North Carolina.
Filed November 3, 2009
This case not for publication
Crumley & Associates, Michael T. Brown, Jr., for plaintiff-appellee.
Young Moore and Henderson, P.A., by Joe E. Austin, Jr. and Angela Farag Craddock, for defendants-appellants.
WYNN, Judge.
Before issuing findings of fact, the N.C. Industrial Commission must consider and weigh all of the competent evidence presented.[1] Here, Defendants Mega Force Staffing Group, Inc. and its insurance carrier, American Home Insurance Company, argue that the Industrial Commission failed to consider evidence that Plaintiff Daniel Shorts did not give timely notice that he had suffered a work-related injury. Because the evidence supports the Industrial Commission's finding, we affirm.
Shorts began working for Mega Force Staffing, a temporary employment agency, in early 2005. Through Defendant, Shorts worked as a "crusher" at Triangle Brick, a brick manufacturer in Wadesboro, N.C. In this position, he operated the "crusher," a machine into which trucks dumped loads of rocks that then fell onto a conveyor belt below, carrying the rocks off to the grinding room. Rocks that were too large to fit through the crusher often became wedged in the machine. When this occurred, Shorts stopped the conveyors, and used a jackhammer to manually break the oversized rock into smaller pieces.
On 1 June 2005, Shorts was operating the crusher when a rock became wedged in the machine. To get to the rock, Shorts extended the jackhammer between the two bars of the crusher's guardrail, which separated the platform from the conveyor. Shorts testified that the bit of the jackhammer slipped off the rock when he began to operate it, and the weight of the jackhammer pulled him down, causing him to fall and hit his throat on the top bar of the guardrail. Shorts testified, "I had a little short pain in my throat" but he continued working after a break.
At the hearing, Shorts testified that the day after the incident he informed his on-site supervisor, Brent Cox, that he had hit his throat on the guardrail. Initially, Shorts "thought [he] was fine." He testified that, in the days immediately following the incident, his speech and breathing were unaffected, and there were no bruises or visible injuries.
Eventually, however, Shorts experienced problems breathing. He went to First Health-Richmond Memorial Hospital on 27 August 2005. Shorts did not seek Mega Force Staffing's authorization or payment for the visit. At this visit, Shorts was diagnosed with bronchitis and asthma. While at work on 12 September 2005, Shorts again experienced difficulty breathing. He received permission from Cox to go to the hospital. The examining physician at Anson Community Hospital also diagnosed him with asthma and bronchitis. He continued treatment for acute asthma exacerbation throughout September and into October 2005 with Dr. Asim Malik.
On 3 November 2005, Shorts was sent to Carolina Medical Center where Dr. Goldberg performed a laryngoscopy, which revealed subglottic stenosis, or a mass in Shorts's throat restricting his airway. Shorts was referred to Dr. John Blumer (an eye, ear, nose, and throat specialist) who recommended surgery to remove the mass. Shorts had his first surgery on 16 November 2005. On nearly a monthly basis from November 2005 to November 2006, Shorts had additional surgeries to remove subglottic masses from his throat and follow-up visits to monitor his progress. Dr. Blumer wrote Shorts out of work beginning on 7 November 2005. Shorts has been out of work continuously since 13 December 2005.
Shorts applied and was approved for Medicaid benefits in December 2005, but did not submit a Form 18 requesting authorization for Mega Force Staffing to pay for his medical treatment until February 2006. Mega Force Staffing denied Shorts's claim for worker's compensation benefits, stating that Shorts did not provide notice to Mega Force Staffing or its insurance carrier of his alleged injuries prior to claiming entitlement to benefits.
Shorts appealed to the commission and Deputy Commissioner Ronnie E. Rowell heard the case on 19 February 2007 and issued an order on 22 June 2007 concluding that Shorts had sustained a compensable injury on 1 June 2005 and awarding Shorts benefits dating back to 7 November 2005. Mega Force Staffing appealed to the Industrial Commission, which adopted the Deputy Commissioner's Opinion and Award with modifications. Specifically, the Industrial Commission found that Shorts hit his throat while operating the jackhammer at work on 1 June 2005; he informed Cox, his supervisor at Triangle Brick, of the incident the next day; he was unaware of the nature and extent of his injury until he began treatment with Dr. Blumer in November 2005; and Shorts and his wife Dolly "both reported plaintiff's injury and condition to [Mega Force Staffing] in November of 2005." Furthermore, the Industrial Commission concluded that Shorts gave a reasonable excuse for failing to provide written notice within thirty days of the injury and his delay was not prejudicial to Mega Force Staffing.
Mega Force Staffing appeals, arguing that the Industrial Commission (I) impermissibly disregarded evidence concerning whether Shorts gave notice of injury to his employer; and (II) erred by failing to conclude that Shorts's claim was barred under N.C. Gen. Stat. § 97-22 (2007) for failure to give notice.

I.
Mega Force Staffing first argues that the Industrial Commission failed to consider and weigh the testimony of Teresa Floyd, a Mega Force Staffing representative, and Shorts's supervisor, Brent Cox, when the Industrial Commission found that Shorts informed Cox of the injury on 2 June 2005 and Floyd in November 2005. We disagree.
Where the Industrial Commission's findings regarding critical issues "are supported by some competent evidence in the record, this Court is bound by those findings." Bryant v. Weyerhaeuser Co., 130 N.C. App. 135, 139, 502 S.E.2d 58, 62 (1998). "[B]efore finding the facts, the Industrial Commission must consider and evaluate all of the evidence. Although the Industrial Commission may choose not to believe the evidence after considering it, it may not wholly disregard or ignore competent evidence." Lineback, 126 N.C. App. at 680, 486 S.E.2d at 254 (holding the Industrial Commission erred by failing to make findings that indicate consideration of expert medical witness with respect to causation). "It is not . . . necessary that the Full Commission make exhaustive findings as to each statement made by any given witness or make findings rejecting specific evidence that may be contrary to the evidence accepted by the Full Commission." Bryant, 130 N.C. App. at 139, 502 S.E.2d at 62. However, this Court must be able to "reasonably infer" from the Industrial Commission's findings of fact that it considered or weighed the relevant, competent evidence on which the rights of the parties depend. See Jenkins v. Easco Aluminum Corp., 142 N.C. App. 71, 78, 541 S.E.2d 510, 515 (2001) (holding the Industrial Commission failed to indicate consideration of testimony regarding causation where there was "no mention at all of Dr. Downes' testimony in the opinion and award, nor any finding from which we can reasonably infer that the Commission gave proper consideration to his testimony").
Here, the testimonies of Floyd and Cox were relevant to the issue before the Industrial Commissionwhether Shorts's claim for compensation was barred under N.C. Gen. Stat. § 97-22, discussed infra, for failure to timely notify Mega Force Staffing of his work-related injury. Floyd initially testified she "never personally talked to Mr. Shorts" and that neither Shorts nor his wife communicated with her about his injury prior to February of 2006. However, when presented with evidence indicating she had a number of conversations with Shorts' wife, she recalled that Shorts and his wife visited her office to "bring like some, I guess doctor paper work to let us know how much longer he would be out and to let me know he was doing good [sic]." Shorts's wife testified that she and her husband "contacted [Floyd] several times. I even talked to her in person . . . to let her know what was going on and give her doctors' notes" and to tell her "he had got hurt on the job[.]" Although the exact time line is unclear, Shorts's wife testified she spoke with Floyd during "the month before November" and Floyd's testimony has their conversation occurring "after like one of the first surgeries"; Shorts's first two surgeries occurred 16 November and 14 December 2005. Further, although Cox testified he "wasn't informed of [an] accident[,]" Shorts testified he told Cox about the injury on 2 June 2005, and Shorts's wife testified "he has contacted Brent and informed him about him being hurt on the job and everything."
While the Industrial Commission's Opinion and Award does not discuss the substantive testimony of either Cox or Floyd, the Industrial Commission did make the following relevant findings on the issue of notice:
7. Plaintiff reported to Mr. Cox, his on-site supervisor, on June 2, 2005 that he had hit his throat on a metal bar the previous day on June 1, 2005.
. . .
10. The Full Commission finds plaintiff's testimony to be credible that he notified his supervisor on June 2, 2005 that he hit his throat on the metal bar on June 1, 2005. However, plaintiff was not aware of an injury to his throat or neck at the time. As such, plaintiff's supervisor, Mr. Cox, testified that an accident report would not have been completed absent an injury. Plaintiff started having problems with his airway in August 2005; however it was not until November 2005 that the full nature and extent of plaintiff's condition was diagnosed. Dr. Blumer testified that plaintiff's condition is often initially misdiagnosed as asthma or bronchitis. Plaintiff and [Mrs. Shorts] both reported plaintiff's injury and condition to defendants in November of 2005. The Full Commission finds that defendants have not been prejudiced by plaintiff's failure to notify defendants of his injuries until November 2005 when the nature and severity of plaintiff's injuries were diagnosed and plaintiff first learned of them.
Based on the Industrial Commission's determination that Shorts's testimony was credible, that he reported his injury to Cox on 2 June 2005, and that he and his wife reported the injury to Mega Force Staffing in November of 2005, we can reasonably infer that the Industrial Commission weighed other evidence on the matter, namely the testimony of Cox and Floyd, and determined Shorts and his wife's testimony to be the more credible. See Pittman v. International Paper Co., 132 N.C. App. 151, 157, 510 S.E.2d 705, 709 ("Although the Industrial Commission did not explicitly find that it rejected opinions expressed by Dr. Markworth in his first deposition, its opinion and award clearly demonstrates that it accepted the testimony given by Dr. Markworth in his second deposition, and thereby rejected the contrary testimony found in Dr. Markworth's first deposition."), disc. review denied, 350 N.C. 310, 534 S.E.2d 596 (1999); Cf. Harrell v. J.P. Stevens & CO., Inc., 45 N.C. App. 197, 206, 262 S.E.2d 830, 835 (holding that the Industrial Commission improperly disregarded expert testimony where finding of fact number 15 stated the testimony was explicitly "discounted"), disc. review denied, 300 N.C. 196, 269 S.E.2d 623 (1980). Accordingly, we hold that there is competent record evidence to support the Industrial Commission's finding with respect to notice and that this argument is without merit.

II.
Mega Force Staffing secondly contends that the Industrial Commission erred by concluding that Shorts's claim for benefits is not barred by section 97-22. We disagree.
The Workers' Compensation Act provides that an employee is barred from seeking compensation benefits where he fails to give his employer written notice of the accident within thirty days of its occurrence "unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby." § 97-22. The burden is on the employee seeking compensation benefits to show a "reasonable excuse" for the delay in notice. See Lawton v. County of Durham, 85 N.C. App. 589, 592, 355 S.E.2d 158, 160 (1987). "Where the employee does not reasonably know the nature, seriousness, or probable compensable character of his injury and delays notification only until he reasonably knows, he has established `reasonable excuse' as that term is used in G.S. 97-22." Id. Once the employee has established a "reasonable excuse," the burden shifts to the employer to show prejudice from delay in notification. See Jones v. Lowe's Companies, Inc., 103 N.C. App. 73, 76, 404 S.E.2d 165, 167 (1991). "Whether prejudice exists requires an evaluation of the evidence in relationship to the purpose of the statutory notice requirement." Id. at 76-77, 404 S.E.2d at 167. In Jones, the Court noted that the purpose of the statute is "to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury" and "to facilitate the earliest possible investigation into the facts surrounding the injury". Id.
Here, the Industrial Commission found that Shorts had a reasonable excuse for not reporting the injury to Mega Force Staffing prior to November 2005"it was not until November 2005 that the full nature and extent of plaintiff's condition was diagnosed." This finding is supported by evidence that over a period of several months Shorts was evaluated by a number of physicians but was not diagnosed with "subglottic stenosis" until 7 November 2005. Further, the Industrial Commission found that "defendants have not been prejudiced by plaintiff's failure to notify defendants of his injuries until November 2005 when the nature and severity of plaintiff's injuries were diagnosed and plaintiff first learned of them."
On review, we conclude that Mega Force Staffing failed to present evidence to carry its burden on the issue of prejudice. The record supports the Commission's finding that Cox, Shorts's supervisor, was notified of the injury and accident on 2 June 2005. Further, Mega Force Staffing presented no medical evidence or other testimony to the Industrial Commission to support its claim of prejudice by delaying treatment until August of 2005, when Shorts became symptomatic. Accordingly, we hold that the Industrial Commission's findings regarding "reasonable excuse" and lack of prejudice are supported by competent evidence.
Affirmed.
Judges STROUD and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] Lineback v. Wake County Board of Commissioners, 126 N.C. App. 678, 680, 486 S.E.2d 252, 254 (1997).